AMERICAN ELECTRICAL NOVELTY & MFG. CO. v. NEWGOLD et al.

(Circuit Court, S. D. New York. June 1, 1901.)

1. PATENTS—VALIDITY—DESIGN FOR LAMP.

The Hitzelberger design patent, No. 29,939, for a portable lamp body, *held* void on the evidence, from which it appeared that the design was fully shown in the drawings which accompanied an application by another for a mechanical patent, filed prior to the application of Hitzelberger, and which failed to show that the latter was the originator of such design.

2. SAME.—INVENTION—ELECTRIC LAMPS.

The Misell patent, No. 617,592, for an electrical hand lamp, claim 3, when considered apart from the design for the lamp body, which is not claimed to have been the invention of the patentee, is void for lack of patentable invention, in view of the prior art.

In Equity. Suit for infringement of patents. On final hearing.

Thomas Ewing, Jr., for complainant.

A. v. Briesen and Hans v. Briesen, for defendants.

COXE, District Judge. This is an equity suit for the infringement of two letters patent owned by the complainant. The first is a design patent, No. 29,939, for a portable lamp body granted to Gustave F. Hitzelberger, assignor to complainant, January 3, 1899. The application was filed December 3, 1898. The specification says:

"As shown in the drawings, the leading and essential feature of this design consists of a unitary lamp body of cylindrical shape, elongated in the direction of its axis and having a bull's-eye at the forward end thereof. The lamp body is intended for use in a portable electric lamp, and in the particular form shown in the drawings consists of an elongated cylinder A, having a bull's-eye B at its forward end and being surrounded at each end and at the middle by a metallic ring C, the cylinder having a ring D attached to one side thereof."

The second patent, No. 617,592, is for an improvement in electric hand lamps, granted to David Misell, assignor to the complainant, January 10, 1899. The application was filed March 12, 1898. The specification says:

"The invention consists in the way of assembling the parts and in the manner of making the electrical connections and in other details, all as hereinafter described and claimed."

The third claim only is involved. It is as follows:

"(3) The combination of a tubular casing a reflector located in and protected by one end thereof, a lamp located in front of the reflector and within the casing, having one of its filament terminals extending rearwardly through the reflector to the rear side thereof, a cover for the opposite end of the casing connected with the opposite filament terminal and a cylindrical battery contained within the casing the cover when shoved home making contact with one pole and end of the battery and forcing the opposite pole and end thereof into contact with the rearwardly extending filament terminal, substantially as described."

Fig. 1 of the design patent is identical with Fig. 1 of the mechanical patent.

The defenses are anticipation, lack of invention and noninfringement.

The patents have been twice before the court. On the first occasion the cause was submitted without argument or brief on the part of the defendant and the patents were held to be valid and infringed. 98 Fed. 895. On the second occasion a motion for a preliminary injunction was denied in the present action. 99 Fed. 567. It is not contended that either of these decisions is at all controlling upon any of the issues now presented. It will be observed that the application for the mechanical patent was filed nine months prior to the application for the design patent, the specification and drawings of the former describing and showing the design in its most minute par-

ticulars. In other words, the complainant has alleged and proved that Misell and not Hitzelberger was the first to make the design and there is nothing in the record to contradict this proof or to show that Hitzelberger conceived the invention prior to the date when Misell is proved to have made the design. In these circumstances the burden was upon the complainant to show that Hitzelberger's invention was actually made prior to March 12, 1898. This the complainant has failed to do. Neither Misell nor Hitzelberger was called as a witness and the court is unable to find in the record any theory to justify the assumption that Hitzelberger was the originator of the design in question. No explanation is proffered in complainant's brief. The brief contains only the following allusions to the subject:

"These two inventions were made by Misell and Hitzelberger while working together. They are so intimately associated that the court may be inclined to wonder why a joint patent was not taken out covering both the design and the electrical connections. One reason is that under our law a sharp distinction is drawn between the two classes of inventions, and the design patent is granted for a maximum term of but fourteen years, while the patent of invention is granted for a term of seventeen years. * * * The complainant's assignors, Misell and Hitzelberger, for the first time in the art, set out to make a hand lamp which should be the most convenient thing in the way of a hand lamp possible, and excel in structural simplicity and strength. This they were enabled to accomplish, because they did not undertake to make the article useful for other purposes than as a hand lamp pure and simple, or to make it look like any other article. The result is that they have produced a design which has advantages peculiar to itself, and an electrical arrangement which is so simple that no one, however ignorant of electrical matters, can fail to operate it properly."

The obvious answers to these suggestions are: First. There is nothing in the record to sustain them. Second. They fail to meet the point now under consideration that Misell, upon the record, appears to be the originator of the design. Third. If admitted to be true they defeat both patents for the reason that as both the design and the device were the result of the combined efforts of the two men the patents should have been granted to them as joint inventors. Walk. Pat. § 50. The design patent, upon this proof, is clearly invalid.

In approaching a consideration of the Misell patent care should be taken to divorce it from the design which is an attractive and an unusual one for a hand lamp. The third claim must be considered as one for mechanical devices only which will be anticipated or infringed by any other structure possessing these features irrespective of its form or appearance. The combination of the claim contains the following elements: First. A tubular casing. Second. A reflector located in and protected by one end of the casing. Third. A lamp located in front of the reflector and within the casing, having one of its filament terminals extending rearwardly through the reflector to the rear side thereof. Fourth. A cover for the opposite end of the casing connected with the opposite filament terminal. Fifth. A cylindrical battery contained within the casing. Sixth. The cover, when shoved home, making contact with one pole and end of the battery and forcing the opposite pole and end thereof into contact with the rearwardly extending filament terminal. A broad construc-

tion of the claim is impossible. The proceedings in the patent office, the prior art and the declarations of the specification limiting the patent to "the way of assembling the parts and in the manner of making the electrical connections and in other details," all compel a construction narrowing the claim to "the details" described and shown. So construed it is doubtful if infringement can be maintained. It is true that this defense is based upon slight and formal differences which, in a pioneer patent, would be promptly disregarded; but that these differences exist there is no doubt, and to construe the claim so that both the defense of lack of novelty and of noninfringement are avoided requires the exercise of judicial ingenuity which hardly belongs to "the skill of the calling."

But can the claim be upheld for any purpose? It is admitted that each of the elements as above-stated, when considered separately, was old and that several of them were previously grouped in analogous congeries. Thus, the Hoggson patent, No. 520,429, shows a cylindrical dry battery contained within a tubular casing. The complainant is licensed under this patent and its batteries are constructed in accordance with its terms. The Magee patent shows a cylindrical casing with an electric lamp located in front of a reflector within the casing. The Hoffman patent shows a cylindrical battery within the casing, a lamp having one of its filament terminals extending rearwardly and a cover for the opposite end of the casing connected with the opposite filament terminal. The hinged cover makes contact with one pole of the battery and forces the opposite pole into contact with the rearwardly extending filament terminal. The Paget patent shows almost the exact structure of the Misell patent with the single exception that the lamp and reflector are located on the side of the casing instead of within the end. Other patents, showing several of the more minute details of construction, have been introduced, but it is not necessary to consider them, as it must be conceded that any skilled electrician knew enough to connect a lamp and a battery in almost every imaginable environment.

The following question naturally suggests itself: Did it require the genius of the inventor, in the spring of 1898, to place the Magee reflector and lamp in the end of Paget's cylindrical casing when Hoffman, Meyer and the rest, described exactly how the connection could be made? But Misell's task was far more simple than is indicated by this question, for he had the design for the casing also ready before him. It is not pretended that the patent covers this design and there is no proof that Misell invented it. In contemplation of law, therefore, he had upon the work bench before him all the prior art, plus the portable lamp body with its bull's-eye, metallic rings and all. Misell was not required to suggest or originate anything; all this had been done by others; he was simply asked to arrange a lamp and reflector like Magee's in a case which was placed in his hands ready to receive the lamp and reflector. The connection of the battery with the translating device was a very simple matter within the knowledge of any intelligent workman, but if Misell needed assistance in this particular he had only to turn to the prior art where several patents told him precisely what to do. If the patent

did not deal with an electric light it is hardly probable that it would have survived the attacks of the examiner. If, for instance, an employer having in his possession a new and attractive design for a candlestick should hand it to a workman with the request that he fit it to a candle in an artistic manner, could it be maintained for a moment that this act of fitting the two together required anything but the skill of the workshop? Again, take the same illustration with a novel form of lantern substituted for the candlestick, would not any competent mechanic know enough to place a lamp within the cage and connect it properly? That it would not involve invention to do this is too plain a proposition to discuss. And yet how is the question altered because the light is produced by electricity instead of oil? Given the lamp, the casing, the battery and the connecting mechanism, and the question of invention seems to be the same. The device in question is one of many similar novelties where electricity is used to produce new and attractive effects, but it is not a device entitled to protection as an invention. The bill is dismissed.