AMERICAN ELECTRICAL NOVELTY & MANUFACTURING CO. v. NEWGOLD et al.

(Circuit Court of Appeals, Second Circuit. January 14, 1902.)

No. 68.

**1.** PATENTS—VALIDITY—DESIGN FOR LAMP.
  The Hitzelberger design patent, No. 29,939, for a portable lamp body, *held* void on the ground that the patentee was not the originator of the design shown.
**2.** SAME—INVENTION—ELECTRIC LAMP.
  The Misell patent, No. 617,592, for an electric hand lamp, claim 3, covering a combination of devices all well known in the prior art, is void, as failing to show any patentably novel combination or element of construction.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit in equity for infringement of patent No. 29,939, granted to Gustave F. Hitzelberger, January 3, 1899, for a design for a portable lamp body, and of patent No. 617,592, granted to David Misell, January 10, 1899, for an electrical device. See 99 Fed. 567.

Thos. Ewing, Jr., for appellant.

John Bogart, for appellees.

Before WALLACE, Circuit Judge, and TOWNSEND, District Judge.

TOWNSEND, District Judge. This is an appeal from a final decree of the United States circuit court for the Southern district of New York, which dismissed the bill. 108 Fed. 957. The bill alleges infringement of patent No. 29,939, granted to Gustave F. Hitzelberger, complainant's assignor, January 3, 1899, for a design for a portable lamp body, and of patent No. 617,592, granted January 10, 1899, to David Misell, complainant's assignor, for an electrical device. The decree dismissing the bill, in so far as the design patent is concerned, is affirmed on the opinion of the court below. Even if the article in question were the proper subject for a design patent, and if there were any patentable novelty therein, the record shows that Misell, and not Hitzelberger, was the first to make the design.

Infringement is alleged of the third claim only of the Misell patent. Said claim is as follows:

"The combination of a tubular casing, a reflector located in and protected by one end thereof, a lamp located in front of the reflector and within the casing, having one of its filament terminals extending rearwardly through the reflector to the rear side thereof, a cover for the opposite end of the casing connected with the opposite filament terminal, and a cylindrical battery contained within the casing, the cover when shoved home making contact with one pole and end of the battery, and forcing the opposite pole and end thereof into contact with the rearwardly extending filament terminal, substantially as described."

The history of the application for this patent in the patent office, and the prior art, show that the invention, if any, is a very narrow, one, and that it consists, as stated in the specification, merely "in the way of assembling the parts and in the manner of making the electrical connections, and in other details," as described and claimed.

Prior electric batteries, electric canes, electric stands, and bicycle and other portable electric lamps, disclose every element of the patented combination. Misell assembled the devices of the prior art in a single compact tubular structure, one end of which housed and protected a reflector and lamp. His chief object was to make the operation of inserting and replacing dry battery cells therein as simple as possible. His construction differed from the prior art in this respect. and, further, in function, by reason of its compactness, the absence of awkward projections, and the consequent adaptability to a variety of useful purposes as a portable, pocketable hand flash light or lamp capable of being held and operated in one hand, the light from which could be conveniently and accurately directed in a single beam to any desired point in the direction of the axis of the casing, and used for the examination of small and confined spaces. Magee patent, No. 572,431, shows a tubular casing inclosing in one end a reflector and lamp. Crowdus patent, No. 618,057, shows a tubular casing containing a series of wet batteries, in which contact with the circuits is effected in substantially the same manner as in complainant's device. Meyer patent, No. 595,327, for an electrical lighter for burners, in shape, construction, and operation is strikingly similar to the patent in suit. If the incandescent lamp of Magee be substituted for the lighter in the Meyer device, it would practically embody the construction covered by the claim in suit. Various patents for electric canes, notably Leigh, British patent No. 8,350 of 1894, and Levi, British patent, No. 97 of 1892, show incandescent lamps in the head of the cane, with wet or dry batteries so arranged in the body of the cane as to flash or glow when the cane is placed in a certain position; and, finally, Bugg patent, No. 614,318, and Paget patent, No. 599,975, cover the identical construction of the claim in suit, except that, in order to adapt them for use on vehicles, the lamp is located at the side instead of at the end of the casing.

What change was required in these prior devices in order to produce the construction covered by the claim in suit? First, in the earlier patents, to substitute for the old wet battery the later commercial, improved dry battery, which the constructor found ready for his use. That this did not involve invention is shown by various patents. Sec-

ond, to elongate the Magee tubular casing, or cut off the electrical cane, and insert the dry battery at the rear end, or insert the Magee reflector and lamp in Paget. Complainant's expert admits that such a lamp would be substantially the lamp of defendants herein, and would come within the terms of the claim in suit. It is true that in complainant's lamp there is greater simplicity by reason of the absence of certain connections and adjustments shown in the structures of the prior art, but this result is due, not to any inventive skill of Misell, but to the superiority of the dry battery and its capacity for adjustment.

Complainant's lamp appears to be novel and unique in the mode of construction, by means of which the user may hold and operate it in one hand by a pressure upon the bar in the side of the tubular casing. But this element is nowhere referred to in the specifications or claims, and is not found in defendants' apparatus.

The conclusion reached is that the improved construction and increased utility of function of complainant's lamp over the structures of the prior art are either such as are due to elements not claimed by the patentee, or result from the use of novel devices not invented by him, and that the claim in suit fails to cover any patentably novel combination or element of construction.

The decree is affirmed.