AMERICAN ELECTRICAL NOVELTY & MFG. CO. v. HOWARD ELECTRICAL NOVELTY CO.

SAME v. STEIN & LANGLOS ELECTRIC MFG. CO.

(Circuit Court, S. D. New York. June 25, 1904.)

1. PATENTS—INVENTION—ELECTRIC HAND LAMP.
     The Misell patent, No. 617,592, for an electrical hand lamp, claims 1, 2, and 4, *held* void for lack of invention.

2. SAME—ELECTRIC BATTERY.
     The Hoggson patent, No. 520,429, for an electric battery, *held* void for lack of patentable invention.

In Equity. Suit for infringement of letters patent No. 520,429, for an electric battery, granted to S. H. Hoggson May 29, 1894, and No. 617,592, for an electrical hand lamp, granted to David Misell January 10, 1899. On final hearing.

Briesen & Knauth (Arthur v. Briesen and Hans v. Briesen, of counsel), for complainant.

John T. Booth (N. L. Frothingham and Edward S. Beach, of counsel), for defendants.

HOLT, District Judge. In my opinion, the decisions of Judge Coxe in the American Electrical Novelty & Manufacturing Co. v. Newgold (C. C.) 108 Fed. 957, and of the Circuit Court of Appeals in the same case on appeal (113 Fed. 877, 51 C. C. A. 501), are decisive of this case It was held in the Newgold Case that claim 3 of the Misell patent was void for lack of patentable invention, in view of the prior art. I cannot see that anything is included in claims 1, 2, and 4 of the Misell patent which is not included in claim 3, and I think that the Hoggson patent is void for the same reason as the Misell patent. It is stated in Judge Coxe's opinion in the Newgold Case that the complainant was licensed under the Hoggson patent, and its batteries constructed in accordance with its terms. Page 960, 108 Fed. The electric batteries described in the Hoggson patent seem to me to be merely the result of a combination of previous electrical devices, fully disclosed by the state of the prior art, as shown in the patents of Roovers, Levi, and Van Horvath, the combination of which by Hoggson in the manner described in his patent did not amount to a patentable invention.

My conclusion is that the bill should be dismissed, with costs.