### AMERICAN ELECTRIC NOVELTY & MFG. CO. v. HOWARD ELECTRIC NOVELTY CO.

### SAME v. STEIN & LANGLOS ELECTRIC MFG. CO.

(Circuit Court of Appeals, Second Circuit. April 19, 1905.)

No. 182.

1. PATENTS—INVENTION—ELECTRIC HAND LAMP.
   The Misell patent, No. 617,592, for an electric device used in a hand lamp, is void for lack of invention.

2. SAME—ELECTRIC BATTERY.
   The Hoggson patent, No. 520,429, for an electric battery which is portable and adapted to a number of uses where a small battery is desired, was not anticipated, and discloses patentable invention. While the invention is not a fundamental one, the device is useful, and within the narrow sphere of its usefulness the patent is entitled to liberal treatment and a limited range of equivalents. Also held infringed.

Appeals from the Circuit Court of the United States for the Southern District of New York.

137 F.—58

·On appeal from final decrees of the Circuit Court of the Southern District of New York, dismissing bills for the infringement of letters patent, No. 520,429, granted to Hoggson, May 29, 1894, and No. 617,592, granted to Misell, January 10, 1899, for an electric battery and an electric device, respectively. The opinion of the Circuit Court will be found at 131 Fed. 495.

Arthur v. Briesen, for appellant.

John T. Booth, Edward S. Beach, and N. L. Frothingham, for appellees.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. We fully agree with the judge of the Circuit Court in thinking that the prior decisions of this court and of the Circuit Court in the Newgold Case, 108 Fed. 957; Id., 113 Fed. 877, 51 C. C. A. 501, are conclusive as to the invalidity of the Misell patent. In that case the third claim only was involved. In the present case the first, second and fourth claims are involved, but these claims contain no element which is not directly or by implication found in the third claim. That claim having been declared invalid we think the other claims must fall with it. No patentably novel feature is disclosed in any of them.

The Hoggson patent for an electric battery remains to be considered. The object of the patentee was to provide a light, portable, cheap and easily constructed receptacle for holding a battery having a number of cells. Other features of the device are that it can be handled readily, transported and used in various ways as, for instance, in the leg of a table or other similar upright, without a special support therefor. An alleged novel feature is that electrical connections between the battery cells is provided without the use of bolts, screws or wires so that the cells may be removed and fresh ones substituted expeditiously and without interference with the work of the battery. The cells may be wet or dry, with metallic or carbon jar, thus enabling the positive pole of one cell to be connected with the negative pole of the next cell by means of a metallic clamp of springy material, which rests upon the terminal of the cell beneath. The lowermost cell rests upon and is in contact with a spring plate, which is secured to a metallic spider, which constitutes the bottom of the battery holder. A rivet unites and electrically connects the spring plate, spider and one or more conducting wires. The battery holder consists of a tube of insulating material, the metallic spider and a top ring. The conducting wires extend from the rivet to the periphery of the spider and from thence on the opposite side of the holder to the ring at the top, thus acting as conductors of electricity and also serving to unite the parts. The top ring is provided with a terminal, which, with the terminal of the top cell, are the points with which the wires which conduct the current connect with the battery. One of these wires is provided with a thimble-shaped part, which can be readily slipped on the terminal on the top ring and the other wire is provided with a spring clamp which is sprung on the

other terminal. The spring clamps are said to be desirable because they form good connections and are not likely to get loose when expanded, contracted or vibrated, which is apt to be the case when nuts, bolts or screws are employed.

The patent has four claims, all of which are involved. They are as follows: ·

"1. The herein described electric battery the same consisting of the vertical series of cells, the containing-tube of non-conductor material, the plates at the ends respectively of said tube, and the wires on the opposite sides of said tube electrically connected, to the upper case-plate, said cells being electrically connected with each other in series, the lowermost cell being electrically connected with said wires, and the uppermost cell and the upper case-plate being respectively provided with terminals, substantially as described. .

"2. The combination of the cells arranged in a vertical series and electrically-connected as described, the case C having the tubular part $c^1$ and the end plates $c$ and $c^2$, the spring plate B, secured to plate $c$ by the bolt, D, and the wires E, E, on the opposite side of the tube substantially as described.

"3. A battery tube of non conductor material, the plates at the end of said tube, the upper of conducting material, and the wires uniting said tube and plates, said wire made of conductor material and electrically connected to the upper plate and provided with means for engaging the terminal of the lowermost cell. ·

"4. In an electric battery having cells arranged in series and connected by adjacent terminals the combination of the spring-clamp $a$ the cell above or beyond said clamp, and the terminal $a^1$, of the adjoining cell, substantially as described."

The defendants insist that the claims are invalid for lack of patentability and that in no event do the defendants infringe. No reference was cited against the application in the Patent Office. The only changes were in compliance with the suggestions of the examiner to make the claims more perspicuous and complete. The complainant is not seeking to include anything which the applicant abandoned in the office in order to secure the granting of the patent.

The prior art, so far as appears from the record, is confined to three patents; one United States patent and two English patents. The first of these was granted to Roovers, December 29, 1891, for an electric trick cane or toy. The patentees say:

"To make the electrical apparatus operative, the cane will be placed upon the ground and the pin pulled upward. When this is done a shock will be obtained from the induction-coil. Of course it will be better to place the bottom of the cane in some moist place to obtain good contact."

The ambition of the inventors, though not particularly lofty, culminated in seeming failure and disappointment. The electric cane was not a success and the public concluded to get on without it. The price was prohibitive and only about half a dozen canes were made in all. The specification describes an exceedingly complicated device and we think the preponderance of the testimony is to the effect that it was an inoperative device; certainly so, if applied to the lamps in controversy. It does not have the non-conducting containing holder, the end plates, the terminals, the spring clamps or the wires on opposite sides of the holder, as shown in the Hoggson patent.

Levi's English patent of 1892 is also for a walking stick and other similar articles, such as alpenstocks, riding whips and umbrellas. This is a much closer reference than the Roovers patent, but it falls far short of anticipating, for the reason that it shows the old wire and binding post connections. As stated by complainant's expert:

"A mere glance at the drawings of the Levi patent will show that the Levi battery cells with their surrounding paper wrapper could not be placed into the handle part of a hand lamp and there perform their functions, unless the wire connections were first made. How these are to be made, is not stated."

Von Horvath's patent was also granted in England, in 1892, for a walking stick having an incandescence lamp in its head. This construction is sufficiently described by the first claim, which is as follows:

"1. A walking stick having in its head or knob an incandescence lamp whose filament connects together the poles of a galvanic cell or battery arranged inside the stick, the parts being so arranged that when the stick is carried in an upright position, the liquid conductor does not reach the electrodes but when the stick is inclined or inverted the liquid will come into contact with the electrodes whereby the incandescence lamp will be caused to glow substantially as described and illustrated."

That this is not the structure in suit is apparent even to a layman. We cannot resist the conclusion that Hoggson has made a new, useful and patentable advance in the art; he has constructed a compact, durable, cheap, efficient and simple battery which can be safely transported and easily connected with the desired translating device. When this is accomplished it operates at once. It is a device which without any change can, for instance, be placed in the lamps of the complainant and defendants and immediately perform its functions. We are unable to find a structure containing such a combination in the prior art. It is in no sense a fundamental invention but within the narrow sphere of its usefulness it is entitled to liberal treatment and a limited range of equivalents.

The combination of the first claim contains the following elements: First. The vertical series of cells. Second. The containing tube of nonconductor material. Third. The plates at the ends respectively of said tube. Fourth. The wires on the opposite sides of said tube, the cells electrically connected with each other in series. Fifth. The lowermost cell being electrically connected with said wires. Sixth. The uppermost cell and the upper case-plate being respectively provided with terminals. That the defendants' batteries embody this combination cannot be controverted unless the claim be destroyed by limitations not required by anything in the specification, or the prior art. The same is true of the other claims of the patent. We think the assignments of error sufficiently present the complainant's contention that all of the claims of the Hoggson patent are valid.

It follows that the decree of the Circuit Court must be reversed without costs, and the cause is remanded to the Circuit Court with instructions to enter a decree upon the claims of the Hoggson patent for an injunction and an accounting, but without costs.