GREEN v. CITY OF LYNN.

(Circuit Court, D. Massachusetts. April 28, 1897.)

1. PATENTS—INFRINGEMENT SUITS ON DIFFERENT PATENTS.
    The joinder in one suit of claims for infringement of two patents relating to the same subject-matter is in the interest of the public, as well as of private litigants, and should not be discouraged by too stringent rules as to costs or otherwise.

2. COSTS IN PATENT SUITS—APPORTIONMENT.
    Where two patents relating to the same subject-matter were sued on in the same suit, and a decree was entered for complainant on one of them, and for defendant in respect to the other, the costs disbursed in regard to the patent adjudged against the complainant were not, under the circumstances, adjudged in favor of either party.

This was a suit in equity by Nelson W. Green against the city of Lynn for alleged infringement of two patents. The cause was heard upon complainant's claim in respect to the taxation of costs.

Harvey N. Pratt, for complainant.

Fish, Richardson & Storrow and Guy Cunningham, for defendant.

PUTNAM, Circuit Judge. The complainant brought a bill in equity for alleged infringements of two patents relating to the same subject-matter, and therefore very properly included in the same suit. A consolidation of this character within reasonable limits is

for the interest of the .public, as well as of private litigants, and should not be discouraged by too stringent rules as to costs or otherwise. One patent was sustained, but the other contained three claims, of which two were found invalid, by reason of not covering a patentable invention, and the third was not infringed. The final decree, so far as this patent is concerned, was against the complainant. The complainant disbursed, for the taking and printing of proofs with reference to the patent on which the judgment of the court was against him, $544.50, and he now claims that this sum should be taxed in his costs against the respondent. That, under circumstances of this character, costs may be equitably apportioned, is too well settled to require any special observations. Numerous cases illustrating the practical application of this equitable discretion in patent suits will be found in the notes to Rob. Pat. § 1162. Some of the decisions there cited, and elsewhere found, seem to us too severe, as against complainants; and, moreover, where the amounts are small, or the issues much complicated, there may not be sufficient involved, or the apportionment may not be capable of being made with sufficient clearness, to appeal to the equity powers of the court. Yet some practical method of preventing substantial injustice can always be found. On the one hand, the advantages to come from the consolidation of several claims, made in good faith, which we have already spoken of, and the analogy of the common law, where a plaintiff who recovers only a portion of his demands is ordinarily entitled to all his costs, are not to be overlooked; while, on the other hand, the apparent injustice of saddling respondents with substantial costs of issues which are easily distinguished and severed, and which they have successfully defended, and the necessity of warning complainants in equity that considerable additions to the record which prove unnecessary may be at their own risk, demand the exercise of a sound discretion with reference to questions like that now before us. We do not think that there are any such exigencies as require us to award the respondent costs on account of the issues raised with reference to the patent which was adjudged against the complainant; but the amount which the complainant claims in that behalf is so substantial, and is so easily severable from the rest of the cause, that we think it would be inequitable to allow it in his behalf, under the circumstances of the case.

The respondent urges on us the statutory provisions with reference to costs in suits where claims are found invalid which have not been disclaimed; but, as the complainant is entitled to recover costs generally, these provisions do not apply, unless possibly by analogy. Our conclusion gives them full effect in that aspect. It is ordered that the clerk disallow the amount of $544.50, claimed in complainant's bill of costs.