## PARSONS v. SEELYE.

### (Circuit Court, D. Massachusetts. February 24, 1899.)

#### No. 927.

1. **PATENTS—INVENTION—SUBSTITUTION OF EQUIVALENTS.**
    The substitution of direct driving for indirect driving by counter shaft and gearing is the substitution of a well-known equivalent, and there is no invention in applying to the main shaft of a machine the same mechanism that was formerly applied to the counter shaft.

2. **SAME.**
    The substitution of a heavy or "momentum" pulley for a light pulley, though it may be of advantage in the particular case, involves the exercise of mere mechanical skill, and not of inventive faculty.

3. **SAME—CONSTRUCTION OF CLAIMS.**
    The concluding words, "substantially as specified," must be *held* to import into the combination claim of a narrow patent a device which the patentee, in the specifications, describes as "one of the most important features of my invention."

4. **SAME—LEATHER-CUTTING MACHINE.**
    The Parsons patent, No. 368,108, for a machine for cutting leather or other materials, construed, and *held* invalid as to claims 3 and 4, and not infringed as to claim 5.

This was a suit in equity by Henry Parsons against Nelson H. Seelye for alleged infringement of a patent.

Bowdoin S. Parker, for complainant.

James E. Maynadier and William Maynadier, for defendant.

BROWN, District Judge. This suit is for infringement of letters patent No. 368,108, issued August 9, 1887, to Henry Parsons, for a machine for cutting leather or other materials. The defenses are noninfringement and invalidity. The "invention relates to that class of leather-cutting, power-driven machines termed 'beam cutters' or 'beam cutting machines' or 'beam cutting presses,' in which the sides of leather, or sheets of leather board, or other material to be cut, are spread out upon a cutting block supported by a bed that is vertically adjustable; such material being cut by a die that is free to be placed by the operator in a new position after each cut; the die being forced through the material by a beam arranged above the bed, and which is vertically reciprocated to effect such result." The prior art is represented by British patents to Gimson, No. 430 (1863), to Bugg, No. 2,697 (1870), and defendant's Exhibit Hawkins Beam Die Press. Infringement is charged as to the third, fourth, and fifth claims. The third and fourth claims are obviously void, in view of the

Hawkins beam die press.    The complainant, in his brief, says of the Hawkins beam die press:

"The power is applied to the countershaft through a light belt pulley loose on that shaft, in connection with a clutch secured to the countershaft by means of a spline, which permits a slight lateral movement of the clutch on the shaft, sufficient to allow it to contact with the belt pulley," etc.

In the machine of the patent in suit the loose pulley and clutch are upon the main shaft, there being no counter shaft or gearing. The substitution of direct driving for indirect driving by countershaft and gearing is a mere substitution of a well-known equivalent (see opinion of the circuit court of appeals for this circuit in Heap v. Greene, 91 Fed. 792, handed down January 30, 1899), and there is obviously no invention in applying to the main shaft the same mechanism that was formerly applied to the countershaft.    Nor can the combinations described in claims 3 and 4 be distinguished from those in the Hawkins beam die press by comparing the respective weights of the pulleys.    The substitution of a heavy pulley, or of what the complainant terms a "momentum pulley," for a light pulley, may be of advantage; but the advantage results from the use of ordinary mechanical skill, without the exercise of the inventive faculties.

The fifth claim, which is regarded by the complainant as of chief importance, is as follows:

"(5) The combination of beam, E, its supporting rods, e, cross-heads, F, pitman, f, eccentrics, h, shaft, i, and a driving mechanism on said shaft, substantially as specified."

It becomes unnecessary to decide whether, in view of the British patent to Bugg, No. 2,697 (1870), this claim is valid, since, if valid, it is nevertheless not infringed.    It is conceded that the defendant's machine does not have the counterweighted clutch, or any equivalent therefor.    If, therefore, this feature of counterweighting is an essential feature of the combination of claim 5, the defendant, not employing it, has not employed the combination of the patent in suit. The complainant lays stress upon the feature of the driving mechanism which he calls the "momentum pulley," but contends that the counterweighting features of the clutch may be disregarded, because not specifically referred to in the claim.    The claim, however, contains the words "substantially as specified"; and, as said in Westinghouse v. Boyden Power-Brake Co., 170 U. S. 537, 558, 18 Sup. Ct. 707, "These words have been uniformly held by us to import into the claim the particulars of the specification."    It cannot be contended that this patent is for an invention of a primary character, nor that the patentee is entitled to claim broadly any form of driving mechanism. The patent, therefore, must be limited to the particular driving mechanism shown, or its known equivalent.    The driving mechanism includes, at least, the pulley, G, and the clutch, H, which is not a simple clutch, but one so constructed as to have two functions; i. e., to engage the loose pulley, and to counterweight the vertically reciprocating beam, E.    The clutch, H, is undeniably a part of the mechanism that drives the machine, and both functions of the clutch, viz., that of clutching and that of counterweighting, seem inseparably connected with the operation of driving the machine.    The means of

avoiding "the violent shock and vibration that would otherwise result from rapidly reciprocating so heavy and inert a mass of metal as constitutes the beam and its direct co-acting parts" cannot be disregarded, as unimportant or unessential, or as not included in the combination of claim 5. This view is emphasized by the following language of the specification:

"One of the most important features of my invention is the method of counterweighting the vertically-reciprocating beam, E, which, more especially in the larger machines (nine-foot beams), is, by reason of the great strain to which it is subjected, necessarily very heavy, and should therefore be not only in perfect 'balance' but also in perfect 'cross balance' as well. To insure both such balance and cross balance, I form clutch, H, and brake wheel, I, each as much out of balance as equals one-half the weight moved vertically by eccentrics, h, so that the united counterweighting of said wheel and clutch equals the weight of the beam and its rods. Such counterweighting of the clutch and wheel is effected by forming one part skeleton-like, as at 4, while the opposite side, as at 5, is solid and continuous; such solid portions being arranged on shaft, i, diametrically opposite the throw of eccentrics, h, so that said solid portions are at the bottom of their circuit when the beam is at its highest point. Hence the machine performs its work without the violent shock and vibration that would otherwise result from rapidly reciprocating so heavy and inert a mass of metal as constitutes the beam and its direct co-acting parts."

We cannot disregard what the patentee terms one of the most important features of his invention without unduly extending the fifth claim. The defendant, as is conceded, does not employ the counter weighted clutch, or any equivalent therefor, and does not infringe the fifth claim, as properly interpreted. The bill will be dismissed.