PARSONS v. SEELYE.

(Circuit Court of Appeals, First Circuit. January 26, 1900.)

No. 282.

1. PATENTS—SUIT FOR INFRINGEMENT—AMENDMENT OF BRIEF ON APPEAL.

A defendant, in a suit for infringement of a patent, under the circumstances of this case, will not be granted leave to amend his brief in the appellate court, by introducing a prior patent, for the purpose of affecting the construction of the claims of the patent in suit.

2. SAME—JUDICIAL NOTICE OF PRIOR ART.

There is a clear distinction in law between merely anticipatory matter, which under the statute must be specially pleaded in defense to a suit based on a patent, and the state of the art, which, under many circumstances, is a matter of which the court can take judicial notice, especially in equity suits.

3. SAME.

The state of the art, of which a court may take judicial notice in a suit relating to a patent, and as to which it can be assisted by the statements

of the pa. ties or their counsel, without proofs furnished in accordance with the rules of law, is confined to matter of general knowledge; and such judicial notice cannot extend to a single patent, relating to a particular fact in a limited art.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Frederick P. Fish and Bowdoin S. Parker, for appellant.
James E. Maynadier and William Maynadier, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a motion made on an appeal from a decree denying relief for the alleged infringement of a patent for an alleged invention owned by the complainant, now the appellant (C. C.) 92 Fed. 1005. One of the important questions raised by the appeal depends largely, if not entirely, on the construction of the claims in issue. The appellee now moves for leave to amend his brief in this court by introducing a prior patent, which he maintains shows the improvement which the claims in issue would cover on the construction of them which the appellant contends for. The appellee does not offer this as "proof," in the proper sense of the word, and, of course, if so offered, it could not be received in this court, unless by consent of both parties. U. S. v. Hopewell, 2 C. C. A. 510, 51 Fed. 798, 800; Nashua & L. R. Corp. v. Boston & L. R. Corp., 9 C. C. A. 468, 61 Fed. 237, 245. He offers it for the purpose of assisting the court in understanding what was the true state of the art at the time of the appellant's invention, and the substantial question raised by the motion is whether the court can take judicial notice of the patent thus offered by the appellee.

There is a clear distinction in law between merely anticipatory matter, which, under the statute, must be specially pleaded in defense, and the state of the art, although they, of course, at times run into each other. Edmund, Pat. (2d Ed.; 1897) 48. The state of the art, under many circumstances, is a matter of which the court can take judicial notice, especially in equity suits, where the court exercises the privileges of a jury as well as of judges sitting to determine questions of law. Potts & Co. v. Creager. 155 U. S. 597, 605, 15 Sup. Ct. 194, 39 L. Ed. 275; Locomotive Works v. Medart, 158 U. S. 68, 81, 84, 15 Sup. Ct. 745, 39 L. Ed. 899; Richards v. Elevator Co., 158 U. S. 299, 303, 15 Sup. Ct. 831, 39 L. Ed. 991; Id., 159 U. S. 477, 16 Sup. Ct. 53, 40 L. Ed. 225; Office Specialty Mfg. Co. v. Fenton Metallic Mfg. Co., 174 U. S. 492, 497, 19 Sup. Ct. 641, 43 L. Ed. 1058. It is also true there may be, with reference to a particular subject-matter, such a mass of patents, covering so long a period, that they may be taken to have become part of the common knowledge which the court shares. So, also, a mass of patents, continued for a long period, may so clearly indicate such a state of the art as to be sufficient to invalidate a patent, precisely as the common state of the practical arts existing throughout the community may invalidate it. Of course, under such circumstances, in neither the one case nor the

other need the defense be specially pleaded under the statute. Locomotive Works v. Medart, supra, is illustrative of these propositions. Ordinarily, however, prior patents can be offered in evidence, when not specially.pleaded, only for the purpose for which the appellee offers the patent to which his motion refers; that is to say, only for the purpose of construing and limiting the claims of the patent in suit, without affecting their validity. Grier v. Wilt, 120 U. S. 412, 429, 7 Sup. Ct. 718, 30 L. Ed. 712.

What is the state of the art of which a court may take judicial notice may well be understood from the following expressions found in Edmund, Pat. (2d Ed.; 1897), at page 650, as follows:

"Though the invention has not been actually anticipated, its novelty may be destroyed, owing to the general state of knowledge at the time when the application was made for the patent. It may be impossible to point to any specific thing or to any particular publication which disclosed the subject-matter of the patent, and yet the information at the disposal of the world at large may be such that obviously the patentee has produced nothing new."

This court has several times said that it cannot assume to take notice of special facts, within a limited and peculiar field, like that which the appellee seeks to bring to our attention. The rules sustaining this position are quite fully stated in Walk. Pat. (3d Ed.) §§ 595, 599, and in the cases there cited; and they were applied in New York Belting & Packing Co. v. New Jersey Spring & Rubber Co., 137 U. S. 445, 450, 11 Sup. Ct. 193, 34 L. Ed. 741; and by Judge Taft, speaking in behalf of the circuit court of appeals for the Sixth circuit, in American Fibre-Chamois Co. v. Buckskin-Fibre Co., 18 C. C. A. 662, 72 Fed. 508. It is plain that the state of the art of which the court may take judicial notice, and as to which it can be assisted by the statements of the parties or their counsel, without proofs furnished in accordance with the rules of law, is matter of general knowledge, and such judicial notice cannot extend to a single patent, relating to a particular fact in a limited art.

In addition to the above observations, which are sufficient to dispose of this motion, the court should not overlook the great danger of doing injustice by the consideration of patents relating to a special art, without any proper explanation of their characteristics and principles of operation, and without the guaranties for the protection of the adverse party which are afforded by the rules of law directing the taking of judicial proofs.

Ordered: The motion of the appellee, filed December 15, 1899, is denied.

### On Motion for Rehearing.

(April 10, 1900.)

PER CURIAM. No judge who concurred in the judgment of the court desiring a rehearing, the petition therefor is denied; mandate to issue forthwith.