HIGGIN MFG. CO. v. SCHERER.

SAME v. MURDOCK.

(Circuit Court of Appeals, Sixth Circuit. February 12, 1900.)

Nos. 700, 774.

PATENTS—VALIDITY—SHELL FOR WHEEL HUBS.

The device described in the Higgin patent, No. 480,093, for an improved band-shell for wheel hubs, is not so clearly lacking in patentable novelty, in view of the general prior art, of which the courts can take judicial notice, as to overcome the presumption of validity arising from the issuance of the patent, and justify a court in sustaining a demurrer on that ground to a bill for its infringement.

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

G. B. Parkinson, for appellant.
Charles F. Burton, for appellee.

Before TAFT, LURTON, and DAY, Circuit Judges.

TAFT, Circuit Judge. This suit is brought upon patent No. 480,093, issued August 2, 1892, to Henry Higgin, for an alleged new and

useful improvement in band-shells for wheel hubs. The specification describes the invention as follows: C is a band-shell, preferably of annealed brass, adapted to take over and closely embrace the band. The shell has an inturned flange, c, adapted to take over and into the point of the band, and a groove or depression, $c^1$, adapted to take into a corresponding groove or depression $b^1$, in the band. The shell is secured to the band by pressing it thereover until the depression in the shell takes into the depression in the band; the shell having sufficient spring to insure its closing tightly over the band. The joint thus made locks the shell in position, and affords a simple and efficient means of securing it in position without the use of special tools or machinery. The hub is more thoroughly protected, and a neater finish secured, when the shell is extended over substantially the entire surface of the band, thereby protecting and concealing the joints of the bands, with their fastening devices. By providing the inner end of the band with an annular shoulder or bead-ring, b, and causing the inner end of the shell to abut against that shoulder as shown in Fig. 3, the openings in the band are thoroughly protected, and an exceptionally clean-cut appearance is obtained. The bands may be manu-

Fig. 1.

Fig. 2.

Fig. 3.

factured with the grooves ready cut, or the grooves may be made in bands, not thus provided, by simple and inexpensive tools, thus enabling the carriage maker to apply the shells without the necessity of providing a stock of bands especially prepared for that purpose. Higgin claims as his invention:

"(1) As an article of manufacture, a shell for hub-bands, having an inturned flange adapted to take over the points of the hub-band, and provided with an annular depression, substantially as and for the purpose specified. (2) As an article of manufacture, a shell for hub-bands, adapted to engage with the point of the hub-band, provided with an annular depression, and having a corrugated or knurled portion between its outer end and the annular depression, substantially as and for the purpose specified. (3) The combination, with the hub-band having an annular groove, of a shell adapted to engage with the point of the band, and provided with an annular depression adapted to take into the groove on the band, substantially as and for the purpose specified. (4) The combination, with the hub-band, B, having groove, $b^1$, and bead-ring, b, of the shell-band, C, having flange, c, and depression, $c^1$, and adapted to abut against the bead-ring of the band, substantially as and for the purpose specified."

The first ground of demurrer to the bill is that the patent upon which it is founded—

"Is not valid, and was not at the time of its issuance a valid patent, for that the device therein shown and described was old, well known, and in common use, to such an extent, and so commonly, that the court will take judicial knowledge thereof; that it was found in very many articles in daily use, such as lamps, candlesticks, electric light fixtures, canes, umbrellas, capsules for covering bottles, pepper and salt boxes, and in many other articles of common, ordinary, and general use."

The district court sustained the demurrer.

We are not sufficiently satisfied, after an examination of the averments of the bill setting out the condition of the prior art, and the extent to which this device has gone into use, that it is so plainly unpatentable as to justify the sustaining of the demurrer. The battering, strain, and general rough usage to which the band-shell of the wagon hub is ordinarily subjected might lead the ordinary mechanic away from a device of such simple construction as the one here in controversy. Certainly the articles in which the same principle is

applied for the fastening of caps or coverings do not present the same necessity for stout resistance to heavy blows as does the band-shell here patented. Without intimating an opinion as to the conclusion which we may reach after answer and evidence, all that we now hold is that the presumption of validity from the issuing of the patent is not so clearly overcome by the application of common knowledge as to warrant us in refusing to allow the complainant to go to the issue on the proof. The decree of the circuit court is therefore reversed, with costs. And the same decree will be entered in the case of the Higgin Manufacturing Company against James Murdock, Jr. (No. 774), where the same patent and the same question are involved.