A. R. MILNER SEATING CO. v. YESBERA.

(Circuit Court of Appeals, Sixth Circuit.    October 8, 1901.)

No. 931.

1. PATENTS—PATENTABLE INVENTION—DETERMINATION ON DEMURRER.

A patent should be declared void on demurrer only when there is no room for thinking that any evidence could be adduced which would alter the clear conviction of the court that there is no patentable invention in the production patented, and especially where the presumption of invention arising from the granting of the patent is reinforced by the fact shown that the application was seriously contested in the patent office in interference proceedings.

2. SAME—COUNTER SEATS FOR STORES.

The device shown in the Milner patent, No. 597,686, for counter stools or seats for stores, is not so manifestly lacking in patentable invention as to justify a court in declaring the patent void on demurrer.

Appeal from the Circuit Court of the United States for the Northern District of Ohio.

Thomas B. Hall, for appellant.
Almon Hall, for appellee.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge.    The bill filed in this case complains of the infringing by the defendant of rights secured under letters patent No. 597,686, of January 18, 1898, to Albert R. Milner, as assignor to the complainant, for certain improvements in counter stools or seats, the object of the invention being to provide a seat in front of the counter, which, when not in use by customers, would automatically swing up to 'the counter in front of it, and which could be easily moved back to its place by the hand when wanted for use.    The useful purpose which the invention was intended to subserve is thus stated by counsel for complainant in error:

"The aisles of stores can thereby be materially widened, as compared with width possible when using any prior kind of stool. Large dry goods stores are usually oblong, so as to save as much frontage as possible; and the counters usually run along such length, with stools in front of each counter. On our leading shopping thoroughfares each inch of store width commands a heavy rental. The patent stool enables any given number of shoppers to be accommodated in a store of less width than heretofore possible. Especially at crowded seasons, such as Christmas holidays, not only is the capacity of the store thus materially enlarged, but the comfort of the shoppers is correspondingly increased, because less crowded together, such shoppers being mostly ladies and children; and the time of such shoppers also correspondingly saved, because of freer opportunity to pass by each

other. Moreover, the store floor can be swept and cleaned at night quicker and better, because the stool arm brackets, as well as the stools, are against the counter."

The details of the parts employed in the combination by the invention are a recessed bracket resting upon the floor, and fastened on its perpendicular face to a counter, a curved stool arm extending into the recess of the bracket and pivoted near its lower end by a bolt running through the side walls of the bracket and of the stool arm, and engaging the rear wall of the recess in the bracket, which (the rear wall) forms a stop to limit the outward movement of the arm, a spring curled around the pivot of the arm having extensions engaging the stool arm and bracket, respectively, to throw the stool arm up, and a seat plate on the upper end of the arm so formed as to present a horizontal seat plate, which, when the arm is folded up against the counter, is nearly perpendicular to the floor. The following illustration, which is Fig. 3 of the drawings, taken in connection with the foregoing description, will indicate the character of the device:

Fig. 3.

The pivot extends through these springs at e, e, through the walls of the bracket and the lower end of the stool arm. The back of the stool arm rests against the curved connection between the upper end of the spring at f. The spring normally holds the seat arm up against the counter, but yields to pressure applied to the upper part of the stool arm or seat when the latter is brought down for use. The following is the first claim, and discloses the substance of the invention:

"(1) In a counter stool, a recessed floor bracket, a curved stool arm pivoted in the bracket and engaging one of the walls of the bracket to form a stop to limit the outward movement of the arm; a spring encircling the pivot of the arm, having extensions engaging, respectively, the stool arm and bracket; a seat plate formed on the upper end of the stool arm, and disposed in a plane substantially at right angles to the upper end of the stool arm when the latter is in a folded position, whereby the seat of the stool will fold close against the counter, the said angle of the seat plate with the stool arm being such as to cause the seat to lie in a horizontal plane when the latter is in position for use; and a seat secured to the seat plate."

Upon amendment to the bill it was made to appear that while the application for the patent was pending in the patent office it was put into interference with the invention of another party of a stool somewhat different in its mechanical construction. The result of the examination made in the office upon this interference was in favor of the application for the patent here relied upon. The de-

fendant demurred to the bill upon the ground that the patent in suit was void upon its face. This demurrer was sustained by the court, and the bill, as amended, was dismissed. The complainant brings the case here upon appeal.

We think the court erred in holding upon demurrer that the patent was void upon its face. It may be admitted that the invention is one of narrow limitations, but we are not prepared to hold that in the circumstances, which may be susceptible of proof, the patent should be held void in the absence of any anticipation, and supported, as it is possible it may be, by evidence that it fulfills a useful purpose, and has been extensively adopted by the public in practical use, and further supported by the presumption of validity arising from the allowance of the patent by the patent office, the force of which presumption is augmented by the fact that there was a serious contest in the office, which must have developed the characteristics of the patent, and brought them pointedly into view. It is undoubtedly established law that the court may, in a clear case, dismiss, upon demurrer, a bill filed to establish a patent and to enforce a remedy for its infringement. Richards v. Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991. But this court has on former occasions in substance said that this ought only to be done when there is no room for thinking that any evidence could be adduced which would, if put into the case, alter the clear conviction of the court that there is no patentable invention in the production patented. American Fibre Chamois Co. v. Buckskin Fibre Co., 18 C. C. A. 662, 72 Fed. 508; Manufacturing Co. v. Scherer, 40 C. C. A. 491, 100 Fed. 459. Applying these rules to the present case, we are unwilling to sanction the summary dismissal of the bill, for we think it possible that the merits of the case might be more clearly discerned in the light of facts which the evidence may bring out.

The decree will be reversed, with the costs of this court, and the cause remanded, with direction to overrule the demurrer, and permit the defendant to answer under the rules.