HALLOCK et al. v. BABCOCK MFG. CO.

(Circuit Court, N. D. New York. July 16, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
   A preliminary injunction against infringement will not be granted when defendant is responsible, and a substantial doubt of his infringement exists, or where the complainant's right is doubtful.
2. SAME—DEFENSES—IRREGULARITIES IN APPLICATION.
   Irregularities in the signing of the drawings filed with the application for a patent, or in witnessing the signatures, where they did not operate as a fraud on the commissioner who considered the application and issued the patent on the merits, cannot avail to defeat a suit for its infringement.
3. SAME—INFRINGEMENT—WEEDERS.
   The Hallock patent, No. 600,782, for a weeder, claims 1 and 3, *held* valid and infringed on a motion for a preliminary injunction.

In Equity. This is a motion for an injunction pendente lite restraining the defendant, the Babcock Manufacturing Company, as prayed for in the bill of complaint, from the further infringement of claims 1 and 3 of letters patent No. 600,782, issued on the 15th day of March, 1898, to the complainants herein for an improvement in weeders.

Kerr, Page & Cooper and Marcellus Bailey, for complainants.
Howard P. Denison, for defendant.

RAY, District Judge. The papers in the case are quite voluminous, and the court has examined the bill of complaint, affidavits, etc., with considerable care. It is not now called upon to pass on the merits of the case finally, as that will be its duty when the cause is finally submitted. This court has heretofore said, in substance, that an interlocutory injunction against the infringement of a patent will not be granted unless the complainants' title and defendant's infringement are either admitted or so clear that the court can entertain but little doubt in the matter. When the defendant is responsible, and a substantial doubt exists whether the defendant is guilty of infringement, or where the complainants' right is doubtful, then an injunction pendente lite will not be granted.

In this case as it now stands there can be no question that the defendant is guilty of infringing the complainants' patent. The defendant's weeder is the same in all respects as the complainants' weeder, with the single exception that the tooth dragging in the earth is round in the complainants' device, while it is made somewhat angular in the defendant's device.

The defendant claims anticipation, and that the complainants' weeder is old. The defendant has put in evidence before the court a farm implement commonly known as a harrow. In that device, in place of the tooth that drags in the earth in complainants' weeder, there was a shoe or small plow attached, and it does not appear that any person ever entertained the thought of removing the tooth or plow, and, with certain other changes and transformations, using that instrument as a weeder. The validity of the complainants' patent has been

¶ 1. See Patents, vol. 38. Cent. Dig. § 495.

more than once adjudicated in his favor, and there has been long acquiescence in its validity.

No useful purpose can be served at this time by reciting the evidence. On the evidence presented this court is satisfied that the complainants' patent is valid, and that the defendant has infringed and is infringing.

The main contention of the defendant is that the complainants' patent is invalid because the application upon which the patent issued was not executed in accordance with the statute. The defendant has filed a plea denying that the letters patent in suit were signed, sealed, and delivered in due form of law, and alleging that the drawings were not signed by the inventors and their attorney in fact, and attested by two witnesses, in compliance with the statute, but that the names of the inventors and the attorney's name were signed by one Ewell A. Dick, who, as a subscribing witness, attested his own signature where he signed the name of the attorney in fact of the inventors; and says the plea, after reciting these facts, "whereby it was falsely and fraudulently represented to the Commissioner of Patents that said drawings were duly signed by the attorney in fact and attested by two witnesses, all in violation of section 4889 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3383]." That section provides, in substance, that, when the nature of the case admits of drawings, the applicant shall furnish one copy, signed by the inventor or his attorney in fact, and attested by two witnesses, and a copy of the drawings to be furnished by the Patent Office shall be attached to the patent as a part of the specifications. In this case we find the drawings signed, "Daniel Y. Hallock, Daniel E. Hallock, by Marcellus Bailey, Attorney," and as witnesses, "L. C. Hills" and "Ewell A. Dick." It is claimed that Dick first signed the names Hallock and the name Bailey, and that he then signed as a witness. There is no proof that this was done fraudulently or with intent to deceive, nor is there any proof that Dick had no authority to sign these names if he did. The presumption is that he had authority to do all that he did do, and if after signing the names of the inventors by authority, and the name of the attorney in fact by like authority, he signed as a witness to such signatures, it raises a question of regularity and of the sufficiency of the witnessing of the document. There is no claim that the Commissioner of Patents was misled on the merits, or that the patentability of the complainants' device is in any way affected by this failure to properly witness the signature to the drawings, even if it be conceded that they are not properly witnessed.

In Railway Register Mfg. Co. v. North Hudson C. R. Co. (C. C.) 23 Fed. 593, new specifications and claims filed in the application on which the patent in suit was granted were not signed by the applicant or attested by any witnesses, and it was claimed that for this failure the patent was invalid. The court said:

"I do not find any irregularity in the method of procedure which authorizes me to declare the patent void. There is a long list of cases holding that patents cannot be invalidated by proving that the requirements of the statute to be observed by the commissioner in order to their issue have not been regarded."

If the signatures to these drawings in the case now before the court were not made by a person authorized to sign them, or if the signatures were made with authority and they were not properly witnessed, such failures would have authorized the commissioner to reject the application. But no such question was raised, and the commissioner acted on the merits of the application, and issued the patent on the merits of the invention, and not on the strength of the signatures to the drawings or the sufficiency of the witnessing. This court holds that such irregularities in the signing of the drawings, conceding them to exist, are not a defense to this action. Should an action be brought to set aside the patent, a different question would be presented.

In Child v. Adams, 1 Fish. Pat. Cas. 189 [Fed. Cas. No. 2,673], the patent was held null because of the false oath of an alien patentee as to his citizenship whereby he avoided the payment of $300 fee, and the putting and keeping on sale of his invention in the United States, both of which burdens were imposed upon the alien patentee by the then existing statute. That case arose under and was governed by the patent act of 1836 (5 Stat. 121, c. 357), which allowed the granting of letters patent to aliens only upon peculiar conditions to which citizens of the United States were not subject. By the stringent language of the act, the fee of $300 was required to be paid by the applicant before the application for a patent could be considered by the commissioner. The patent was held null and void because it was procured by a fraud perpetrated upon the government of the United States.

In Hoe v. Cottrell (C. C.) 1 Fed. 597, it was insisted that the patent was invalid because of sundry omissions and irregularities during and prior to the transit of the application through the Patent Office, one of which was that there were no original drawings or model accompanying the description, as required by the statute. In that case the court, per Shipman, J., held, that all these alleged irregularities and omissions relate to the formal acts to be done by the inventor, preparatory to and connected with the issuing of the patent, and that the commissioner's decision upon the fact that the acts were done, and upon the fact of the compliance of the applicant with the requirements of the statute in regard to his application, was not reviewable collaterally. The judge said:

"For the purpose of this case the commissioner's decision is final that the drawings and the model required by the statute has been presented; that Durgin was the duly constituted attorney of the applicant or his assignee, and had authority to amend or alter the specification; and that the specification had been sufficiently sworn to by the inventor. If the patent is invalid by reason of any or all of these defects, its invalidity is to be determined in a proceeding to set aside the patent by scire facias, or by bill or information [citing Seymour v. Osborne, 11 Wall. 516, 20 L. Ed. 33; Jackson v. Lawton, 10 Johns. 23, 6 Am. Dec. 311]." Page 599, 1 Fed.

See, also, U. S. Rifle & C. Co. v. Whitney Arms Co., 2 Ban. & A. 493, 497 [Fed. Cas. No. 16,793].

The requirement of the signatures to the drawings, like the other formal requirements referred to, is directory, and may not be dispensed with by the Patent Office, but does not substantially affect

the validity of the patent when granted, except that a direct action might be maintained to set aside and cancel the patent if such omissions perpetrated a fraud upon the government, and secured the issue of a patent which ought not to have been issued.

It appears to this court that the complainants have a valuable and patentable invention, and that the defendant is infringing the same knowingly and willfully, and that the complainants' patent is valid. The injunction asked for pendente lite is therefore granted.