### CO-OPERATING MERCHANTS' CO. v. HALLOCK et al.

(Circuit Court of Appeals, Sixth Circuit. February 17, 1904.)

No. 1,249.

**1. PATENTS—SUIT FOR INFRINGEMENT—DISMISSAL ON APPEAL FROM INTERLOCUTORY ORDER.**

Where the record on appeal from an interlocutory order granting a preliminary injunction restraining the infringement of a patent contains sufficient evidence to enable the Circuit Court of Appeals to determine that the patent is invalid or that for other reasons the bill cannot be maintained, such court may order its dismissal. Such power will only be exercised, however, in plain cases.

**2. SAME—ANTICIPATION—WEEDING MACHINE.**

Evidence of anticipation contained in the record on appeal from an order granting a preliminary injunction against infringement of the Hallock patent, No. 600,782, for a weeding machine, *held* insufficient to justify the appellate court in dismissing the bill, in view of prior decisions sustaining the validity of the patent, but such as to warrant a reversal of the order appealed from.

Appeal from the Circuit Court of the United States for the Northern District of Ohio.

Howard P. Denison, for appellant.

Stem, Heidman & Mehlhope, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is an appeal from an order allowing an injunction pendente lite to restrain infringement of letters patent No. 600,782, issued to Daniel Youngs Hallock and Daniel Earnest Hallock for an improvement in weeding machines. It is now insisted that we shall set aside the injunction and dismiss the bill upon the contention that the prior art, as shown by certain prior patents, discloses an anticipation of the first and second claims of the patent, which are the only claims involved. In addition to a defense of the novelty of the claims of the patent, the appellees contend that, inasmuch as this is only an ap-

¶ 1. Review of interlocutory orders granting or continuing injunctions in Circuit Court of Appeals in infringement suits, see notes to Gill & Fisher v. Browne, 3 C. C. A. 572; Southern Pac. Co. v. Earl, 27 C. C. A. 189; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 484.

peal from an order allowing an injunction pendente lite, this court may not consider any other question than whether the court below has abused its legal discretion in allowing the injunction, all other defenses being postponed until a final hearing.

In respect of the power of the court to finally determine the validity of the patent upon an appeal from an order allowing a preliminary injunction, this court in Knoxville v. Africa, 23 C. C. A. 252, 256, 77 Fed. 501, said:

"In Bissell Carpet Sweeper Co. v. Goshen Carpet Sweeper Co., 19 C. C. A. 25, 72 Fed. 545, this court undertook to construe the seventh section of the act of March 3, 1891 (chapter 517, 26 Stat. 828), allowing appeals to this court from orders or decrees allowing or refusing preliminary or interlocutory injunctions, and to indicate our practice upon appeals from both kinds of injunctions. We there said, touching appeals from both kinds of injunctions, that: 'Where a preliminary injunction is allowed upon a prima facie showing and without the determination of the merits, this court will ordinarily, on an appeal, consider only the question as to whether, on the prima facie case made, there has been an abuse of discretion. Such preliminary injunctions are ordinarily intended to operate only pendente lite, or until a hearing on the merits can be had. They are granted upon a mere summary showing upon affidavits. Their issuance is not a matter of right, and rests in the sound discretion of the judge.' In the same opinion we also said, in regard to the same class of appeals, that: 'Quite another question would arise if, on an appeal from such an order, this court, upon the record, should conclude, not only that no case was exhibited for a preliminary injunction, but also that the bill could not be entertained for any purpose. In such a situation, shall it refuse to determine the case upon the merits, and refuse to direct the lower court to dismiss the bill? Must it confine itself to a mere expression of opinion that the discretion of the court had been erroneously exercised, and permit a fruitless suit to be prosecuted to a final decree, ultimately to end in dismissal? Clearly, the court ought not to idly sit, and merely advise the counsel and lower court, but should, if it has jurisdiction, and it has before it a sufficient record to enable it to do justice, pronounce a judgment upon the merits, and direct the inferior court to do what it originally ought to have done.'"

In Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 495, 20 Sup. Ct. 712, 44 L. Ed. 856, Knoxville v. Africa was expressly approved.

Recognizing the distinction between the two classes of appeals allowed under the seventh section of the act of 1891, and that the doctrine of Smith v. Vulcan Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810, did not necessarily apply to both kinds of injunction orders, Justice Brown, speaking for the court, said:

"Does this doctrine apply to a case where temporary injunction is granted pendente lite upon affidavits and immediately upon the filing of a bill? We are of opinion that this must be determined from the circumstances of the particular case. If the showing made by the plaintiff be incomplete; if the order for the injunction be reversed, because injunction was not the proper remedy, or because, under the particular circumstances of the case, it should not have been granted; or if other relief be possible, notwithstanding the injunction to be refused—then, clearly, the case should be remanded for a full hearing upon pleadings and proofs. But if the bill be obviously devoid of equity upon its face, and such invalidity be incapable of remedy by amendment, or if the patent manifestly fail to disclose a patentable novelty in the invention, we know of no reason why, to save a protracted litigation, the court may not order the bill to be dismissed. Ordinarily, if the case involve a question of fact, as of anticipation or infringement, we think the parties are entitled to put in their evidence in the manner prescribed by the rules of this court for taking testimony in equity cases. But if there be nothing in the affidavits tending to throw a doubt upon the existence or date of the anticipating devices, and giv-

ing them their proper effect, they establish the invalidity of the patent; or if no question be made regarding the identity of the alleged infringing device, and it appear clear that such device is not an infringement, and no suggestion be made of further proofs upon the subject, we think the court should not only overrule the order for the injunction, but dismiss the bill."

In Bissell Carpet Sweeper Co. v. Goshen Carpet Sweeper Co., 19 C. C. A. 25, 72 Fed. 545, we overruled Watch Co. v. Robbins, 52 Fed. 337, 3 C. C. A. 103, so far as that case denied to this court, upon an appeal from an interlocutory injunction, after a decree determining the validity of the patent, the right to do more than determine whether the injunction had been improvidently granted in the exercise of a legal discretion.

In Blount v. Société Anonyme, 53 Fed. 98, 3 C. C. A. 455, 459, and Duplex Press Co. v. Campbell Printing Press Co., 69 Fed. 250, 16 C. C. A. 220, 222, both being appeals from orders allowing injunctions pendente lite, the doctrine of Watch Co. v. Robbins was applied.

But so far as those cases deny that this court may consider and decide the merits of the case, when, upon such an appeal, we shall find that the question of the validity of the patent involved is so fully presented by the record that no amendment of the bill and no additional evidence could change or effect the final result, they are necessarily overruled by the subsequent decisions in Bissell Carpet Sweeper Co. v. Goshen Carpet Sweeper Co., 72 Fed. 545, 19 C. C. A. 25; Knoxville v. Africa, 77 Fed. 501, 23 C. C. A. 252; Smith v. Vulcan Ironworks, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810; and Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856.

But it must be conceded that upon such an appeal the case against the patent must be a very plain one before the court would be justified in holding it void for want of novelty upon its face, or in reaching the same result upon a contested question of anticipation arising upon prior patents and their exemplification by ex parte affidavits of patent experts. Milner v. Yesbera, 111 Fed. 386, 49 C. C. A. 397; Higgins Mfg. Co. v. Scherer, 100 Fed. 459, 40 C. C. A. 491.

In the case at bar the injunction was allowed upon the bill, an unsworn answer, affidavits upon the subject of infringement explaining the patent in suit and certain prior patents claimed to anticipate. In addition there were affidavits showing the large sale of the patent in suit, and tending to show that no prior weeder had ever been a success. That the patent is void upon its face cannot be seriously contended. If, therefore, we are to direct the dismissal of the bill it must be upon the evidence tending to show anticipation.

Among the alleged anticipating patents is one to Carlisle for a horse rake, which is supposed to show the patented tooth. There are also three patents for spring harrow teeth, the closest one being one issued to A. V. Ryder. But it appeared below that the complainant's patent had been sustained upon its merits after a final hearing by Judge Coxe in the case of Hallock v. Davison (C. C.) 107 Fed. 482, and that every one of the patents now relied on had been in that case. It now appears that since Judge Coxe's decision the same patent has been upheld upon an application for a preliminary injunction by judge Ray in Hallock v. Babcock Mfg. Co. (C. C.) 124 Fed. 226.

We confess to the fact that we entertain grave doubt as to whether upon a fuller understanding of the history of the art the harrow tooth of the Ryder patent will not be found to be an anticipation. But we are not satisfied that, if opportunity be afforded the complainants to produce their full proof in the usual course of practice, they may not be able to show that the tooth of the patent does involve patentable differences. In this state of mind it is better that any decision upon the merits shall be postponed until a final and full hearing can be had.

In view, however, of the grave doubt entertained as to the novelty of the patent, we have concluded to remand, with direction that the injunction be dissolved upon the execution of a bond by the defendants below, with satisfactory security, in such sum as shall be determined by the court below, conditioned to account for and pay all damages resulting from the manufacture or sale of the alleged infringing device after the dissolution and prior to a final decree sustaining the patent and finding infringement. But, if the appellant declines to give such bond, the injunction will be dissolved unless the complainant shall execute a bond in a sum to be settled by the court below, with good security, conditioned to pay all damages which shall result from the wrongful suing out of the injunction.

The costs of this appeal may abide the final decree.