ANDERSON v. METROPOLITAN FINANCE CO.

(Circuit Court, S. D. New York.    June 16, 1905.)

PATENTS—VALIDITY—MEANS FOR CASHING SALES ACCOUNTS.

The Anderson patent, No. 704,168, for means for cashing sales accounts, *held* not so clearly void on its face as to warrant its being so declared on demurrer in view of the presumption of validity arising from the granting of the patent.

In Equity.   Suit for infringement of letters patent No. 704,168 for means for cashing sales accounts, granted to Frank E. Anderson July 8, 1902.   On demurrer to bill.

Joseph A. Stetson, for complainant.

Hawkins & Delafield and Seward Davis, for defendant.

HAZEL, District Judge.   The patent is for "means for cashing sales accounts," and consists of arranging documents in series, by which cash loans and the security of bills payable at a future time are claimed to be greatly facilitated.   I am not prepared to say that the asserted inequity of the bill, in view of the grant of the patent by the Commissioner of Patents, is so clear that there is no possibility that complainant cannot succeed.   The patent, despite its unusual features and purposes, may occupy a useful field, and may have created a novel and beneficial arrangement for the procurement of credit upon securities, or it may facilitate the general method by which documents are passed from one to another when credit is established and when sales accounts are cashed.   I am unable to determine these asserted propositions without having before me illuminative facts.   As to whether the means described in the specification and claims are practicable is also a matter of proof. Beer v. Walbridge, 100 Fed. 465, 40 C. C. A. 496; Electric Vehicle Co. v. Winton Motor Carriage Co. (C. C.) 104 Fed. 814; Milner Seating Co. v. Yesbera, 111 Fed. 386, 49 C. C. A. 397.   Moreover, the Commissioner of Patents, who, in the first instance, is charged by law with the execution of the statute under which the patent was granted, has evidenced his approval of complainant's application for a patent, and, as stated in numerous cases, it is the settled doctrine of the federal courts to give weight to the contemporaneous construction of not only courts, but of the department whose duty it is to carry the law into effect.   Schell v. Fauche, 138 U. S. 572, 11 Sup. Ct. 376, 34 L. Ed. 1040.

The demurrer is overruled, with costs, leave being granted to the defendant to answer within 20 days.