## SOUTHERN PLOW CO. v. ATLANTA AGRICULTURAL WORKS.

(Circuit Court, N. D. Georgia. November 30, 1908.)

No. 1,290.

1. PATENTS (§ 310*)—SUITS FOR INFRINGEMENT—JOINDER OF CAUSES OF ACTION.
    A bill is not multifarious because it alleges the infringement of two patents by the same structure, where it also alleges that the inventions are capable of conjoint use and are so used by defendant.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 518; Dec. Dig. § 310.*]

2. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING—DEMURRER.
    It must be clear that a patented device lacks the elements of novelty and invention before a court will so declare on demurrer to a bill for infringement.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 536, 538; Dec. Dig. § 310.*]

3. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING—DEMURRER.
    On demurrer to a bill for infringement of a patent, for lack of novelty and invention, the court cannot consider prior patents to ascertain the state of the art.
    [Ed. Note.—For other cases, see Patents, Dec. Dig. 310.*
    Pleading in infringement suits, demurrer for want of novelty and invention, see note to Caldwell v. Powell, 19 C. C. A. 595.]

In Equity. On demurrer to bill.

Smith & Hastings (John M. Coit, of counsel), for complainant.
Dean & Dean and Smith, Hammond & Smith, for defendant.

NEWMAN, District Judge. This is a bill filed by the complainant against the defendant to enjoin infringement by the defendant company of certain patents of which the complainant company is the assignee.

The first is patent No. 815,698, issued to Elias Haiman on the 20th day of March, 1906, and the second is patent No. 807,967, issued to Eugene Rosenbaum on the 19th day of December, 1905. Haiman's patent is for improvement in farming implements, and Rosenbaum's patent is for improvement in cultivators. The claims in the Haiman patent are as follows:

"(1) In farming implements, as a cultivator or harrow, a central beam, laterally-curved braces on opposite sides of said beam rigidly fixed thereto at both ends and having each a series of perforations in its outer curved portion, in combination with a pair of parallel tooth-bars on each side of said beam, transverse carrying-bars in pairs pivoted to said beam on each side and having said tooth-bars pivotally connected therewith, and means to adjustably lock said carrying-bars with the corresponding curved brace through the said perforations therein.

"(2) In an implement, as a cultivator or harrow, a rigid frame comprising a central beam and substantially segmental-shaped braces G fixed to said beam at their ends and provided with a series of holes, 6, in their outer curved portions, in combination with the parallel carrying-bars E and F, one of said bars at each side adapted to be adjustably-locked on the corresponding brace G, and parallel tooth-bars B, on each side pivotally attached to both the carrying-bars E and F, respectively, whereby the parallel relations of said several

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

bars B, E, and F are maintained through all adjustments and said bars are rigidly fixed in all adjusted positions.

"(3) In a cultivator, a central beam and parallel tooth-bars, pivotal connections transversely between said beam and bars, and segments for adjusting said bars in respect to said beam and for fixing the beams rigidly in any adjusted position."

The claims in the Rosenbaum patent are as follows:

"(1) A beam, pairs of parallel bars connected pivotally with and extending in opposite directions from the beam, earth-engaging members pivotally connecting the parallel bars and serving to keep them in parallel relation, a circular brace securely connected with the beam,- and means for connecting one of each pair of parallel bars adjustably with the circular brace.

"(2) A beam, pairs of parallel bars connected pivotally with and extending in opposite directions from the beam, earth-engaging members connected pivotally with the parallel bars and serving to retain the latter in parallel relation, and means permanently connected with the beam and adapted for temporary engagement with one of each pair of parallel bars to maintain the latter in any of the positions to which they may be adjusted.

"(3) A beam, pairs of parallel bars connected pivotally with and extending in opposite directions from the beams, earth-engaging members connected pivotally with the parallel bars and serving to retain the latter in parallel relation, a brace connected securely with the beam and engaging the upper sides of the pivoted parallel bars in any of the positions to which the latter may be adjusted to prevent upward displacement of the free ends of said parallel bars, and means for adjustably connecting said bars and brace."

To this bill a demurrer is filed upon two grounds: The first is that neither of the structures described in the letters patent set up by complainant constitutes an invention, and both of them are merely combinations of old elements and collections of old devices, resulting in no new mode or operation and no new function, and that each and all of the elements therein, and the resulting structures and the functions thereof, are old and within common knowledge. The second ground of the demurrer is as follows:

"Because the essential elements and functions of the two patents set up by the plaintiff as the basis of its bill in this case are substantially and almost entirely the same, and one of the said patents is necessarily an interference with the other, according as the date of the alleged conception of the invention of the one precedes that of the other. This defendant says that two valid patents cannot, under the law, be granted for the same thing, and there is no patentable distinction between the claims of the respective patents set forth in the above-stated case."

Taking in inverse order the grounds of demurrer, the defendant claims that the joinder in one suit of claims for infringement of two patents is improper. This practice has been sustained in a number of claims. In Green v. City of Lynn (C. C.) 81 Fed. 387, Circuit Judge Putnam on this subject says:

"The complainant brought a bill in equity for alleged infringements of two patents relating to the same subject-matter, and therefore very properly included in the same suit. A consolidation of this character within reasonable limits is for the interest of the public as well as of private litigants, and should not be discouraged by too stringent rules as to costs or otherwise."

In American Graphophone Company v. Leeds & Catlin Co. (C. C.) 131 Fed. 281, Judge Platt, referring to one of the objections raised by the demurrer to the bill in that case, says:

. "That it is multifarious, in that it involves the validity and infringement, of two separate patents. The bill avers not only that they are capable of

conjoint use, but that they are used conjointly by the complainant, and that the defendants jointly infringe both patents by their product. In a general sense, the demurrer should be taken to admit so important an allegation; but, as the patents themselves have become a part of the bill, it may be that if, upon inspection, there is a manifest inconsistency between the allegation and the meaning of the patents, a dismissal of the bill would be in order. No such situation appears in the case."

In Edison Phonograph Co. v. Victor Talking Machine Co. (C. C.) 120 Fed. 305, Judge Archbald says:

"The bill is demurred to on the ground of multifariousness, because it involves the validity and infringement of three separate patents; but it is averred in the bill that the three are not only capable of being conjointly used, but that, in the apparatus of the defendant complained of, they are in fact so used. This is a distinct and positive averment, which the demurrer necessarily admits."

In the case at bar one paragraph of the bill is as follows:

"That the said inventions described and claimed in said letters patent No. 815,698 and No. 807,967 are capable of conjoint use in one and the same machine, and are actually so used by your orator and by the defendant herein."

I do not think that this ground of demurrer is meritorious.

The next question considered, but raised by the first ground of the demurrer, is, that both structures described in the letters patent set up by the complainant lack novelty and invention; that they are merely combinations of old elements; the functions thereof are old and within common knowledge. The presumption in favor of devices for which letters patent have been issued by the Patent Office is such that it should be clear that the particular device lacks the element of novelty and invention before the court will so hold, especially on demurrer.

In A. R. Milner Seating Co. v. Yesbera, 111 Fed. 386, 49 C. C. A. 397, Judge Severens, speaking for the Circuit Court of Appeals, says:

"We think the court erred in holding upon demurrer that the patent was void upon its face. It may be admitted that the invention is one of narrow limitations, but we are not prepared to hold that in the circumstances, which may be susceptible of proof, the patent should be held void in the absence of any anticipation, and supported, as it is possible it may be, by evidence that it fulfills a useful purpose, and has been extensively adopted by the public in practical use, and further supported by the presumption of validity arising from the allowance of the patent by the Patent Office, the force of which presumption is augmented by the fact that there was a serious contest in the office, which must have developed the characteristics of the patent, and brought them pointedly into view. It is undoubtedly established law that the court may in a clear case dismiss, upon demurrer, a bill filed to establish a patent and to enforce a remedy for its infringement. Richards v. Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991. But this court has on former occasions in substance said that this ought only to be done where there is no room for thinking that any evidence could be adduced which would, if put into the case, alter the clear conviction of the court that there is no patentable invention in the production patented. American Fibre-Chamois Co. v. Buckskin-Fibre Co., 72 Fed. 508, 18 C. C. A. 662; Manufacturing Co. v. Scherer, 100 Fed. 459, 40 C. C. A. 491. Applying these rules to the present case, we are unwilling to sanction the summary dismissal of the bill, for we think it possible that the merits of the case might be more clearly discerned in the light of facts which the evidence may bring out."

In General Electric Company v. Campbell (C. C.) 137 Fed. 600, Judge Cross on this question says:

"Various reasons have been given by the courts in justification of the practice of questioning the validity of a patent by a demurrer, but it is unnecessary to refer to these, since the practice has long been thoroughly well established. It is likewise clearly well settled that a demurrer can be sustained in such cases only where the question of invention is free from doubt. There must be in the mind of the court an absolute conviction of the lack of invention. If there is any doubt whatever on this point, the case should be decided adversely to the demurrant. Moreover, upon demurrer the court will consider only matters shown upon the face of the patent, and matters of common and general information known to the court to be reliable, and to have been published prior to the application for the patent." (Citing a number of authorities.)

In this connection counsel for defendant have brought into court a number of patents antedating the patents now in suit, and they ask the court to consider them in ascertaining the state of the art at the time the Haiman and Rosenbaum patents were applied for and issued. Counsel claim that the court may properly examine these patents and ascertain from them that there is nothing whatever in the claims of novelty and invention made by Haiman and Rosenbaum. A number of authorities are cited, but reliance is mainly placed upon Parsons v. Seelve, 100 Fed. 452, 40 C. C. A. 484. I do not think that even under this authority the court would be authorized in this way to take all of these prior letters patent, or any one of them, as anticipating the two patents now before the court. It would prevent the complainants being heard as to any distinguishing feature in the patents. If these prior patents were properly pleaded in an answer, complainant might be able to show by evidence such new features and such improvement in its devices as that the older patents would not stand in its way.

In American Fibre-Chamois Co. v. Buckskin-Fibre Co., 72 Fed. 508, 18 C. C. A. 662, Judge Taft, speaking for the Circuit Court of Appeals for the Sixth Circuit says:

"The rule is now well settled that a defendant to a patent infringement bill may raise the question on demurrer whether the alleged invention, as disclosed by the specifications of the patent, is devoid of patentable novelty or invention. Richards v. Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991; West v. Rae (C. C.) 33 Fed. 45. It is also well settled that, in considering the question of the validity of a patent on its face, the court may take judicial notice of facts of common and general knowledge tending to show that the device or process patented is old, or lacking in invention, and that the court may refresh and strengthen its recollection and impression of what facts were of common and general knowledge at the time of the application for the patent by reference to any printed source of general information which is known to the court to be reliable and to have been published prior to the application for the patent. Brown v. Piper, 91 U. S. 38, 23 L. Ed. 200. The presumption from the issuance of the patent is that it involves both novelty and invention. The effect of dismissing the bill upon demurrer is to deny to the complainant the right to adduce evidence to support that presumption. Therefore the court must be able, from the statements on the face of the patent and from the common and general knowledge already referred to, to say that the want of novelty and invention is so palpable that it is impossible that evidence of any kind could show the fact to be otherwise. Hence it must follow that, if the court has any doubt whatever with reference to the novelty or invention of that which is patented, it must overrule the de-

· murrer and give the complainant an opportunity by proof to support and justify the action of the patent office. This is the view which has been taken by the Supreme Court and the most experienced patent judges upon the circuit. New York Belting & Packing Co. v. New Jersey Car-Spring & Rubber Co., 137 U. S. 445, 11 Sup. Ct. 193, 34 L. Ed. 741; Manufacturing Co. v. Adkins, 36 Fed. 554; Blessing v. Copper Works (C. C.) 34 Fed. 759; Industries Co. v. Grace (C. C.) 52 Fed. 124; Goebel v. Supply Co. (C. C.) 55 Fed. 825; Hanlon v. Primrose (C. C.) 56 Fed. 600; Dick v. Supply Co. (C. C.) 25 Fed. 105; Kaolatype Co. v. Hoke (C. C.) 30 Fed. 444; Coop v. Development Inst. (C. C.) 47 Fed. 899; Krick v. Jansen (C. C.) 52 Fed. 823; Manufacturing Co. v. Housman (C. C.) 58 Fed. 870."

It would not do to take these prior patents, which have been brought into court, examine and consider them, and then ascertain and determine if the state of the art was such as that there was nothing new in the claims made for the two patents in suit here, and that they were consequently nonpatentable at the time applications were made. This would have to be done necessarily without the complainant having any opportunity to be heard as to the claim of novelty and invention and as to any distinguishing features between the old and the new patents. If, however, the bill is answered by the defendant company, and these prior patents are set up as a part of the defense to this infringement suit, then there would be full opportunity given complainant to submit evidence and go fully into the question of patentability and the reasons therefor. I do not think such practice as that which the defendant asks the court to adopt is a proper practice, or that it should be sustained or encouraged.

As I am of opinion that these two patents may be properly pleaded in the same suit, and as I am not satisfied from my own observation and examination, and from what may be considered common knowledge on the subject, that these two patents lack the elements of novelty and invention, the demurrer on both grounds will be overruled, and an order may be taken to that effect.