## Case No. 7,081.

### IRWIN et al. v. DANE et al.

[2 Biss. 442; 4 Fish. Pat. Cas. 359; 3 Chi. Leg. News, 180.] [1]

Circuit Court, N. D. Illinois. Feb. 27, 1871.

L. L. Coburn, S. A. Goodwin, and Grant Goodrich, for complainants.

West & Bond, for defendants.

BLODGETT, District Judge. This was a motion for a preliminary injunction made by the complainants against the defendants, to restrain the defendants from the use of certain patents which were granted originally to Irwin. By assignment, his co-complainants have acquired an interest in these patents which are the subject-matter of the complaint. The only doubt I have had in reference to the matter was as to whether it was a proper case for an injunction under the points made by the defendants' counsel, but I am satisfied that the same rule really obtains in patent cases as in other equitable cases. The granting of a preliminary injunction is a matter of judicial discretion, to be determined by the circumstances under which the case is presented, and inasmuch as in this case I think that much more injury would or might result to the complainants from a refusal of the injunction than to the defendants by granting it, I have concluded to grant it.

The aspect of the case is simply and briefly this: The complainants are the owners of patents, and are manufacturing under them; have entered upon the manufacture of the patented articles largely, and been engaged in it for over three years. The defendants had, just prior to the commencement of this suit, also entered upon the manufacture of the competing article; but, according to the proofs, have invested very little money in it, had acquired no reputation for their manufacture in that line, although in other branches of their business they are largely engaged.

I think they can better afford to await the issue of the controversy here, than even to take the chances of the result of a trial, and perhaps be called on to respond in damages. They are in such condition that they can remain still until the termination of the litigation, which should, however, be prosecuted with all possible dispatch.

They have very little invested, and no substantial damages, perhaps, would ac-

[1] [Reported by Josiah H. Bissell, Esq., reprinted in 4 Fish. Pat. Cas. 359; and here republished by permission.]

crue to them in case the determination of the suit should be against them: while if they were to go on with the business as competitors they might seriously injure the complainants' business, and in the end perhaps not be able to respond in damages, and there might be a class of damages for which the complainants could not be entirely compensated, because the complainants are manufacturers, and while this is not, as has been said, a trade-mark case, yet their standing in the market and their relations to the trade are matters of value to them, and pertain so intimately to their patent that the two interests cannot be separated.

As to the last patent on the burner, I should not grant an injunction upon that if it stood alone, but as it is so intimately blended with the complainants' other patents and manufactures, I am not disposed, for the purpose of this preliminary motion, to separate them. I shall grant the injunction as prayed. I make my statement thus briefly in the case, because I do not think on a preliminary hearing the court should commit itself so definitely in regard to the validity of the patent as to prejudice the hearing. It is better always to reserve all final conclusions and determination until all the testimony is in and the case is finally heard. I say this, as I do not wish counsel to understand that I foreclose them on any point by this decision, but the case, as presented to me, shows a prima facie case of infringement.