THOMSON–HOUSTON ELECTRIC CO. v. WAGNER ELECTRIC MFG. CO.

(Circuit Court, E. D. Missouri, E. D. February 16, 1904.)

1. PATENTS—INFRINGEMENT—INJUNCTION.

Where the issue as to the infringement of a patent on an electric motor was dependent on the correct application of the law of physics governing the action and application of the electric current to defendant's motor, and experts familiar with the subject differed fundamentally on the prin· ciple of action involved in defendant's device, a preliminary injunction will not be granted.

2. SAME.

Where defendant had been manufacturing, selling, and advertising the motor claimed to be an infringement of complainant's motor, with the constant claim of right to do so, for six years, and had built up an established business, having expended large sums of money therein, and was amply able to respond in damages for any injury to complainant, whose patent was about to expire, a preliminary injunction was not justified.

On Motion for Preliminary Injunction to Restrain Infringement of Thompson Patent No. 363,186, of May 17, 1887.

Charles Neave, J. Edgar Bull, and George C. Hitchcock, for complainant.

A. C. Fowler and James H. Bryson, for defendant.·

ADAMS, District Judge. There are two reasons why the motion for a preliminary injunction in this case should be denied.

1. There is a sharp conflict between the parties as to whether the defendant's motor is an infringement of complainant's patent. This issue is dependent for its determination upon the correct application of the law of physics, and particularly those governing the action and application of the electric current. Experts whose affidavits appear in this record, and counsel whose familiarity with the subject and whose candor and fairness in presenting it commend them to the favorable consideration of the court, differ fundamentally on the principle of ac-

tion involved in the defendant's device, which is claimed to constitute an infringement of complainant's patent. Under these circumstances the proper and safe course to be pursued, in my opinion, is to await a hearing on the merits, when evidence more reliable than ex parte affidavits can be procured, and when the court can act more intelligently on the difficult issue of infringement involved in this case. It is true the complainant presents an adjudication of a court of concurrent jurisdiction, decreeing that its patent sued on is valid. This is ordinarily sufficient basis for a preliminary injunction in a subsequent suit on the same patent, provided infringement is made to clearly appear; but the rule is well settled that when infringement is doubtful no preliminary injunction should be awarded.

2. The life of complainant's patent expires on May 16, 1904. The defendant has for about six years been manufacturing, selling, and advertising the motor now claimed to be an infringement of complainant's patent, with a constant claim of right to do so, has expended large sums of money in establishing its plant and building up its business, now employs about 100 men in manufacturing the motor in question, and has sold between 5,000 and 6,000 of such motors. In other words, the defendant has an established business, and no claim is made that it cannot respond in damages for any injury which complainant may sustain. I think it would be a very harsh and inequitable remedy to now, before final hearing, enjoin the defendant as prayed for, and interfere with the prosecution of its established business for the short period of three months only. The benefit or advantage to complainant of such an injunctive order is out of proportion to the injury and disadvantage which the defendant would necessarily suffer if such an order should be made. The granting of such an order at the present time and under the conditions already referred to would, in my opinion, be an abuse of discretion.