## AMERICAN ELECTRICAL NOVELTY & MFG. CO. v. STANLEY & PATTERSON, Inc.

(Circuit Court of Appeals, Second Circuit. December 21, 1905.)

### No. 200.

PATENTS—INFRINGEMENT—ELECTRIC BATTERY.

> Infringement of the Hoggson patent, No. 520,429, for an electric battery, by a battery in which the cells are not connected by the spring clamp specified in the patent, and which is an important, if not an essential, feature of the invention, nor by any equivalent therefor, is too doubtful to warrant the granting of a preliminary injunction.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 140 Fed. 444.

Appeal from an order granting a preliminary injunction restraining the infringement of the first claim of letters patent No. 520,429, granted to Samuel H. Hoggson for an improvement in electric batteries.

Robert C. Mitchell, for appellant.

Arthur v. Briesen, for appellee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The validity of the claims of the patent in suit was sustained by this court in an action brought by this complainant against Howard Electric Novelty Company, 137 Fed. 913.

The question of infringement is alone involved in the present controversy. The cells of the Hoggson battery are cylindrical and are arranged end to end in series, but are not permitted to rest one on the top of the other; spring clamps being interposed between them. These clamps are described as desirable, in that they are not liable to get loose or form a poor connection when expanded or contracted or when vibrated by the motion of a railway train or steamship as is liable when bolts, nuts, or screws are employed.

In the former suit this method of connecting the cells by means of the spring clamps was recognized by expert and counsel alike as an important and distinguishing feature, if not the principal feature, of the invention. In the brief then submitted counsel for the complainant said:

"Up to Hoggson's time the underlying idea in electricity was to have rigid and permanent contacts and fixed connections. He took the diametrically opposite view and disconnected all of the parts, making the structure flexible and elastic, while maintaining more perfect electrical contacts than had been achieved by the various processes prior to his time."

In the Howard suit the cells of the infringing device were separated from each other by bent metallic spring pieces, which were full equivalents for the spring clamps of the patent.

The defendant in the present action has no spring clamps or any substitute therefor between its battery cells. These cells are arranged end to end; the positive pole of one bearing directly and rigidly against the negative pole of the other, being held in a paper tube container in a manner quite similar to that shown in the prior patent to Levi.

In brief, therefore, the controversy is narrowed to the following question: Does a battery which dispenses entirely with the metallic spring clamp connections between the cells infringe the first claim of the Hoggson patent?

This question was in no way involved in the former litigation. It was not discussed at the bar or in the briefs, and was not alluded to by the court. It is true that spring clamps are not specifically mentioned in the first claim, but it is argued that, unless the claim is construed to include this particular manner of connecting the cells, it is invalid in view of the prior art. We do not attempt to answer the question as stated above at this stage of the litigation; it is enough to say that we think the proof of infringement too doubtful to sustain a preliminary injunction.

The order is reversed.