CITY OF GRAND RAPIDS et al. v. WARREN BROS. CO.

(Circuit Court of Appeals. Sixth Circuit. May 15, 1912.)

No. 2,255.

1. APPEAL AND ERROR (§ 954*)—REVIEW—DISCRETIONARY ORDER.
    An order granting or refusing a preliminary injunction will not be reversed on appeal, unless the lower court improvidently exercised its legal discretion in making it.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*]

2. PATENTS (§§ 294, 297, 298, 300*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    The same general principles which control the legal discretion of the court or judge in granting or refusing preliminary injunctions generally in equity apply in suits for infringement of patents, and, to authorize the granting of the injunction, it is not necessary that either the validity of the patent or its infringement should be shown beyond a reasonable doubt, but the court may properly take into consideration the relative injury which will result to the parties, respectively, from granting or refusing it.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 473, 481–488, 474, 478, 480; Dec Dig. §§ 294, 297, 298, 300.*]

3. PATENTS (§ 306*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION—DISCRETION OF COURT.
    Where, in a suit for infringement, the question of infringement as presented to the court on a motion for preliminary injunction was doubtful and of great importance to complainant, which would suffer irreparable injury from a denial of the motion if it should finally prevail, while the damages recoverable in such case as well as those which would result to defendants from granting the injunction if final decision should be in their favor were in the nature of things incapable of accurate ascertainment, it was not an abuse of discretion to enter an order denying an injunction on condition that defendants give a bond to pay stipulated damages to the extent to which it can be seen they must necessarily accrue in case complainant should recover, and providing, in the alternative, that, if such bond was not given, the injunction should issue on the giving of a similar bond by complainant.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 500, 501; Dec. Dig. § 306.*
    Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

---

Appeal from the Circuit Court of the United States for the Western District of Michigan:

Suit in equity by the Warren Bros. Company against the City of Grand Rapids and Edward W. Seamans. From an order entered on a motion for preliminary injunction, defendants appeal. Affirmed.

This case is here on appeal from an order granting a temporary injunction. The appellant Seamans having entered into a contract with the city of Grand Rapids, Mich., for the paving of one of its streets according to agreed specifications, the appellee filed its bill, which is in the usual form, alleging that the proposed improvement would infringe its (the Warren) patent, No. 727,505, and asking for a temporary injunction pendente lite and for a perpetual injunction and an accounting on the final hearing. The patent had been sustained by this court in Warren Bros. v. City of Owosso, 166 Fed. 309, 92 C. C. A. 227, by the Court of Appeals of the Second Circuit (Warren Bros. v. City of New York, 187 Fed. 831, 109 C. C. A. 591), by the Circuit Court of the Middle District of Alabama (Warren Bros. v. City of Montgomery, 172 Fed. 414), and in four other unreported cases. The public had generally acquiesced in its validity, and the appellee had received large sums for the use of the invention. The appellee had incurred great expense in defending and introducing to the public its patented method of paving and in building up its large, growing, and profitable business in the United States and Canada. The appellants had been to no expense, except such as was incident to the making of the contract. The only question presented by the bill, affidavits, and exhibits for the court's consideration was that of infringement. The evidence was so evenly balanced that the court was unable unconditionally to dispose of the question on the preliminary hearing, and, finding a situation that called for the giving of security by the parties, assumed that the contractor, if wrongly prevented from performing his contract, would be damaged $1,000, and the city $100 per month for such period of delay as an injunction might cause: that $500 would be a substantial contribution by the defeated party to the costs of the ultimately successful party, although not a sum sufficient to make him whole; and, that, in view of the statements of counsel, a reasonable royalty for the construction of the improvement within the terms of the patent would be $700. It is not claimed that any of these sums is excessive. Being unable to determine the question of infringement, the court denied the application for a temporary injunction: "Provided that the defendants (appellants), or either of them, shall within ten days from this date, file with the clerk of this court a good and sufficient bond to the complainant (appellee) in the penal sum of two thousand dollars, approved by said clerk, conditioned that if it shall in this cause be ultimately determined that a pavement constructed in accordance with the contract specification * * * is an infringement of any valid claim of the said patent, the obligor shall pay, or cause to be paid, to the obligee the sum of twelve hundred dollars. Such bond shall contain a stipulation that said sum of twelve hundred dollars has been fixed by the order of this court as the liquidated damages suffered by complainant (appellee) for such infringement, and the consent of the obligors that judgment may be entered for the amount due thereon in connection with and as a part of the final decree in this cause."

It further ordered that, if the appellants should not file a bond within the time specified, a preliminary injunction should issue as prayed, if the appellee, within 20 days from the date of the order, gave a bond in the sum of $3,000, binding the obligor, if the cause should be ultimately determined against it, to pay as stipulated damages to Seamens $1,500 in full, and to the city of Grand Rapids $100 for each month or fraction thereof, until the determination of the suit, or until the city should let a contract for some other improvement for the street in question, and to consent that judgment might be entered for such amounts as a part of the final decree in the case, but, if the appellee should not file such bond within the time specified, then no preliminary injunction should issue. The appellants having failed to execute a bond, the appellee in due time gave the bond exacted of it, and the appellants thereupon appealed.

C. C. Bulkley, for appellants.

J. M. Head (Wilson, Wilson & Rice and Arthur Drinkwater, on the brief), for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SATER, District Judge.

SATER, District Judge (after stating the facts as above). [1] In determining whether the record presents reversible error, we are required to consider the correctness of the order from the same standpoint as that occupied by the court in granting it, and if we find, after a consideration of the facts presented to that court for its action, that its legal discretion to grant the order was not improvidently exercised, we should not disturb its action. Duplex Printing-Press Co. v. Campbell Printing-Press & M. Co., 69 Fed. 250, 252, 16 C. C. A. 220 (C. C. A. 6); Louisville Home Tel. Co. v. Cumberland Tel. & Tel. Co., 111 Fed. 663, 49 C. C. A. 524 (C. C. A. 6); Acme Acetylene Appliance Co. v. Commercial Acetylene Co., 192 Fed. 321, 112 C. C. A. 573 (C. C. A. 6).

[2] Counsel are widely at variance as to the precise rule which controls in the granting of preliminary injunctions in patent cases. The appellants insist that the general rules applicable to the granting of preliminary injunctions in equity cases have been so far restricted, when applied to patent cases, as to prohibit the granting of an interlocutory injunction, unless the complainant's title and the defendant's infringement are admitted, or are so palpable and clear that the court can entertain no doubt on the subject. Illustrative of this view, which prevails in some of the circuits, are Parker v. Sears, 18 Fed. Cas. 1159, 1 Fish. Pat. Cas. 93; Consolidated Fastener Co. v. American Fastener Co. (C. C.) 94 Fed. 523; Standard Elevator Co. v. Crane Elevator Co., 56 Fed. 718, 6 C. C. A. 100 (C. C. A. 7); Blakey v. National Mfg. Co., 95 Fed. 136, 37 C. C. A. 27 (C. C. A. 3); American Elec. Novelty & Mfg. Co. v. Stanley, 142 Fed. 754, 74 C. C. A. 16 (C. C. A. 2); Bowers Dredging Co. v. New York Dredging Co. (C. C.) 77 Fed. 980; Thomson-Houston Elec. Co. v. Wagner Elec. Mfg. Co. (C. C.) 130 Fed. 902.

The appellants claim that when, under the rule so announced, the requisite proof is made, the injunction will issue, whether there is imminent danger or not of irreparable injury should the injunction be withheld, i. e., the issuance of the writ depends more on the patentee's statutory right to the maintenance of a monopoly of his invention than on the imminence and irreparable character of the injury which may be inflicted by its denial; and that, unless such proof be made, the court may not weigh the serious consequences to the defendant resulting from the grant of the preliminary writ and demand as an alternative for its denial a bond from the defendant, or grant the writ to maintain the status quo. They also claim that the evidence submitted to show that, if the proposed pavement be constructed, the rights guaranteed to the appellee under its patent and the soundness of the adjudications supporting its validity will be denied, and that

irreparable damages will result from a needless multiplicity of suits and their attendant expense and from interference with its property rights, means no more than that the appellee, as a possible result of the denial of the writ, may be required to bring other suits to enforce its right, and that to grant the writ, in the absence of proof of both the appellee's right and its threatened invasion, on account of such mere possibility, is not the proper exercise of judicial discretion. The appellee concedes that, in the absence of any proof of infringement, a court should not issue a preliminary injunction in a suit to maintain the status quo, but disputes all of the appellant's other contentions, and, relying on the doctrine announced by Judge Jackson for this court in Blount v. Société Anonyme du Filtre, etc., 53 Fed. 98, 3 C. C. A. 455, and on Southern Pacific Co. v. Earl, 82 Fed. 690, 691, 27 C. C. A. 185 (C. C. A. 9), maintains that the principles which govern courts in granting preliminary injunctions in patent cases are the same as those upon which courts of equity constantly act in granting such injunctions in other cases of equitable cognizance. In the Blount Case Judge Jackson reviewed Georgia v. Brailsford, 2 Dall. 402, 404, 1 L. Ed. 433, and Lord Cottenham's opinions in Great Western R. Co. v. Birmingham & O. J. Ry. Co., 2 Phil. Ch. 602; Glascott v. Lang, 3 Myl. & C., 455, and Shrewsbury v. Railway Co., 1 Sim. (N. S.) 410, 426, and with great clearness and accuracy in the following language adopted the principles announced in them as controlling in the granting of preliminary injunctions in patent cases:

"The object and purpose of a preliminary injunction is to preserve the existing state of things until the rights of the parties can be fairly and fully investigated and determined upon strictly legal proofs, and according to the course and principles of courts of equity. The prerequisites to the allowance and issuance of such injunctions are that the party applying for the same must generally present a clear title, or one free from reasonable doubt, and set forth acts done or threatened by the defendant, which will seriously or irreparably injure his rights under such title, unless restrained. The legal discretion of the judge or court in acting upon applications for provisional injunctions is largely controlled by the consideration that the injury to the moving party, arising from a refusal of the writ, is certain and great, while the damage to the party complained of, by the issuance of the injunction, is slight or inconsiderable. * * * The same general principles announced in these authorities govern and control the legal discretion of the judge or court in granting preliminary injunctions in suits for the infringement of patents."

There was in that case a strong presumption of the validity of the patent. In a suit pending in another circuit between the same parties, the complainant had been awarded a preliminary injunction. The complainant's title was undoubted. There had been general public acquiescence in its validity; the invention having been used only under license from the patentee. There was a fair presumption of infringement. The defendant had actively participated in procuring a license to manufacture and sell the patented article and in promoting and organizing a corporation to operate under the patent, of which corporation he was an officer and in which he had a financial interest; his conduct being such that, if his relation to the patent did not entirely estop him from questioning its validity, it at least gave rise to a

strong equity in favor of the complainant. The appellants urge that these facts so brought the case within the rule for which they contend that it did not call for an application of the principles stated by Lord Cottenham and the Supreme Court, and that Judge Jackson's conclusion in that respect is a mere dictum and at variance with the great weight of authority. The proof of infringement was not, however, so palpable and clear that the court entertained no doubt about it, nor did it affirmatively or finally dispose of the question of estoppel. The decision was clearly and necessarily based on the principles announced in the cases cited, and has not been modified or disapproved by this court. On the contrary, in Société Anonyme du Filtre, etc., v. Allen, 90 Fed. 815, 33 C. C. A. 282, in which the trial court found that the proof of infringement was not sufficient to warrant the granting of a preliminary injunction, this court, while referring but incidentally to the Blount Case, distinctly applied its doctrine.

Judge Taft, recognizing the rule that a court may grant or withhold an injunction on quite evenly balanced evidence, because its action involves the exercise, not of exact judicial judgment, but merely judicial discretion, said:

"We are not prepared to say that, even in the absence of any direct evidence at all as to the infringement, a court might not, on a motion for a preliminary injunction, infer infringement from the disingenuousness of defendant's witnesses and their reluctance to disclose all the facts. * * * The question for the court upon this hearing is whether the court below exceeded the limits of a sound judicial discretion in refusing an injunction to the complainant. We may answer this question in the affirmative, without deciding that, had the court entered an order for the injunction, that order should be reversed. The function of the Court of Appeals, in hearings like this, is such that it may properly affirm an order refusing a preliminary injunction in one case and an order granting it in another on substantially the same evidence, because it is easy to conceive a case presenting upon a preliminary hearing such an evenly balanced controversy that the court above would affirm the action of the court below, whether one way or the other, when that action involves the exercise, not of exact judicial judgment, but merely judicial discretion."

In Bissell Carpet-Sweeper Co. v. Goshen. Sweeper Co., 72 Fed. 545, 549, 19 C. C. A. 25, 29, this court, in considering its power when reviewing an order granting an interlocutory injunction, approved, though not so distinctly as in the above quoted passage, the rule announced in the Blount Case on the point now in controversy. That the evidence which will justify the granting of a preliminary injunction need not be of the conclusive character claimed by the appellants must necessarily follow from the language that:

"Where a preliminary injunction is allowed upon a prima facie showing, and without the determination of the merits, this court will ordinarily, on an appeal, consider only the question as to whether, on the prima facie case made, there has been an abuse of discretion. * * * When the inconvenience to result is equally divided, or the preponderance is in favor of the defendant, it will be refused."

The rule declared in the Blount Case and now under consideration has been favored in patent cases by the Circuit Court of Appeals for the Ninth Circuit in Jensen v. Norton, 64 Fed. 662, 664, 12 C. C. A.

608, and Southern Pacific Co. v. Earl, 82 Fed. 690, 692, 27 C. C. A. 185. See, also, Irwin v. Dane, Fed. Cas. No. 7,081, 2 Biss. 442; High on Inj. (4th Ed.) § 935.

In Parks v. Booth, 102 U. S. 96, 97, 26 L. Ed. 54, and Root v. Railway, 105 U. S. 189, 192, 193, 26 L. Ed. 975, the jurisdiction of the federal courts in patent cases and the remedies provided by statute for patentees for the invasion of their rights, but not the point now presented, were under consideration; but the language employed is suggestive of the soundness of Judge Jackson's conclusions.

While entertaining the highest respect for the decisions in which there is adherence to the rule urged by appellants, this court has committed itself to, and we are content to abide by, the doctrine announced in the Blount Case, which seems to us to accord with the plain and necessary import of the language of section 4921, R. S. (U. S. Comp. St. 1901, p. 3395), which confers on the appropriate courts the power to grant injunctions in patent cases "according to the course and principles of courts of equity, to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable."

[3] As regards the evidence on the question of infringement, there was presented to the trial court a question of fact, substantial, serious, doubtful, and of great importance to the appellee, whose decision in its favor would entitle it to ultimate relief. That it would not ultimately succeed was not reasonably clear. The situation was such that the trial court might properly conclude that injury certain, great, and irreparable would result to the appellee through interference with, and impairment of, appellee's business and a multiplicity of suits and their attendant expense, if its motion were denied and the final decision should be in its favor, while the inconvenience and loss to the appellants, should the injunction be allowed to go, would be comparatively small and insignificant, for which they could be abundantly indemnified by a proper bond. The court, under such circumstances, could rightly maintain the status quo pending the suit by granting a provisional injunction, or by exacting a proper bond from the appellants to protect the appellee from loss.

Did the court abuse its legal discretion in ordering the appellants to give a bond, and especially of the character above mentioned, if they desired to avoid the issuance of a preliminary injunction? Their position is that a bond can only be required of defendants as an alternative, the other branch of which is that if the bond is not given the defendants must be stopped by injunction, and that a bond can only be demanded in a case in which, if it is not given, the injunction must issue. American Middlings Purifier Co. v. Atlantic Milling Co., Fed. Cas. No. 305, 4 Dill. 100, is cited to sustain this view. The court had, however, determined, and under the circumstances before it we are not prepared to say improvidently, to stop the appellants by injunction unless they gave a bond, providing, on their failure to do so, the appellee gave a bond to indemnify them. But to justify the action of the trial court authority is not wanting. In Consolidated Rubber-Tire Co. v. Finley Rubber-Tire Co. (C. C.) 106 Fed. 175, an infringement

case, the evidence was sharply conflicting on serious, doubtful, and vital questions. Expressly reserving their determination until the final hearing, the court, as the rights of the complainant could be protected. by a bond for the payment of any damages that might be recovered, denied a preliminary injunction on condition that the defendant execute a bond of that character. So, in the case of Macbeth Co. v. Lippencott Glass Co. (C. C.) 54 Fed. 167, in which both the validity of the patent and infringement were involved, Judge Sage declined to determine either question on ex parte evidence, but, finding the defendants on debatable ground, ordered them to give a bond to complainants for the payment of any costs and damages that might be decreed against them and to keep an account of their manufactures and sales, and overruled a motion for a preliminary injunction, with leave to renew if the bond be not given within a stated time. The practice indulged in is.approved in Walker on Patents (4th Ed.) p. 530. Without entering upon a further review of authorities on the right to exact a bond in lieu of an injunction in cases like this, we content ourselves by referring to the case of Co-operating Merchants Co. v. Hallock, 128 Fed. 596, 599, 64 C. C. A. 104, 107, decided by this court. There was a grave doubt as to the novelty of the patent in question. Judge (now Mr. Justice) Lurton, in concluding his opinion, said:

"We have concluded to remand, with direction that the injunction be dissolved. upon the execution of a bond by the defendants below, with satisfactory security, in such sum as shall be determined by the court below, conditioned to account for and pay all damages resulting from the manufacture or sale of the alleged infringing device after the dissolution and prior to a final decree sustaining the patent and finding infringement. But, if the appellant declines to give such bond, the injunction will be dissolved unless the complainant shall execute a bond in a sum to be settled by the court below, with good security, conditioned to pay all damages which shall result from the wrongful suing out of the injunction."

Aside from appellants'. slight prior · expenditure and modest sized contract and the appellee's prior large expenditures and large business, the facts which induced the trial court to fix the amount of stipulated damages to be covered by the bond, by whichever party given, and to exact that such party should consent therein to the rendition of judgment against him for such amount, were these: There was no established royalty for the use of appellee's invention. The profits or benefits that would accrue to the appellants from using the infringing (if it proved to be such), as compared with a noninfringing, pavement, could never be ascertained. If the injunction issued and the defendants finally prevailed, the contractor would not only be.damaged to the extent of the profits on the contract, but would probably lose other jobs, a loss which could not be accurately ascertained. The city, as the representative of the abutting property owners and of the traveling public, would be damaged in a way incapable of compensation. It was not then and is not now denied that the reasonable royalty that would accrue on a contract for an improvement, such as was contemplated, if the improvement were constructed within the terms of the

patent, or that the profits of the contractor, if permitted to construct such improvement, or that the damage to the city per month during the period the paving work was delayed by reason of an injunction, or that the estimated expense of each of the parties in litigation, would be less than that fixed by the court. The damages, to the extent named were certain and settled in respect to amount, and it was not, therefore, error for the trial court to refuse to put the ultimately successful party to proof of that which was admitted or not denied. The defeated party would not thereby be deprived of any right. An ordinary bond to respond for profits and damages is often practically worthless, because the damages which accrue to the injured party in infringement cases are frequently so uncertain in their nature and amount, and the difficulties and expense which beset their proof and recovery are so great, as to leave him substantially remediless. We see no valid reason why a court, in a case like this, when, on the facts before it, it can clearly see that damages in a given sum will necessarily accrue to the complainant, if a temporary injunction be not issued and he be successful on the final hearing, or to a defendant, if he be enjoined, but succeed on the merits, should not require a bond similar to that under consideration, covering stipulated damages. In Acme Acetylene Appliance Co. v. Commercial Acetylene Co., 192 Fed. 321, 112 C. C. A. 573, we affirmed an order providing for stipulated damages in the form in which it was issued (C. C.) 188 Fed. 89. That order was similar to the one now under consideration.

The assignment of error is sufficient. The appellants expressly charge that the Circuit Court in making the interlocutory order granting the injunction committed error. Following the assignment is a statement of reasons for so doing, which reasons are those contained in part in the court's order and in part in its opinion, but the reasons stated may be disregarded as surplusage.

We find no error in the record, and the Circuit Court is therefore affirmed.