STANDARD CHOCOLATE CO. et al. v. ROBERT A. JOHNSTON CO.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1912.)

No. 2,274.

TRADE-MARKS AND TRADE-NAMES (§ 95*)—UNFAIR COMPETITION—PRELIMINARY INJUNCTION.

Where complainant had for many years exclusively used the name "Johnston's Chocolates," until it had acquired a secondary meaning as a trade-name for complainant's product, the granting of a preliminary injunction restraining defendants, which were corporations, from using the name "Johnson's Chocolates" for their product, was within the discretion of the court.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the District Court of the United States for the Southern District of Ohio; Howard C. Hollister, Judge.

Suit in equity by the Robert A. Johnston Company against the Standard Chocolate Company, the Standard Manufacturing & Distributing Company, and W. C. Johnson. From an order granting a preliminary injunction, defendants appeal. Modified and affirmed.

John C. Healy, Howard Ferris, and Malcolm McAvoy, all of Cincinnati, Ohio, for appellants.

William C. Quarles, T. H. Spence, J. V. Quarles, and C. S. Thompson, all of Milwaukee, Wis., for appellee.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Appellants complain of a preliminary injunction order which enjoins each of them "from in any form or manner whatsoever making use of the trade name 'Johnston's Chocolates.'" Appellee brought the suit upon the theory that by many years of exclusive use "Johnston's Chocolates" had become a trade-name, to which appellee was entitled under the secondary meaning theory, and that the sale by appellants of "Johnson's Chocolates" was therefore unlawful.

1. Under the settled rule in this circuit that such an appeal as this presents only the question whether the court below was exercising reasonable discretion (City of Grand Rapids v. Warren Bros. Co. [C. C. A.] 196 Fed. 892), the preliminary injunction against the two corporations must stand. Whether, by reason of Johnson's controlling ownership in the corporations, they might, under other circumstances, be entitled to use his name, if in some manner that would not deceive, is a question not presented by this record.

2. If Johnson ever should wish to engage in the chocolate business personally, he would be entitled to use his own name, under the limitations indicated by the opinion of this court in Merriam v. Saalfield, 198 Fed. 369. The injunction order is capable of a construction broad enough to prevent this use, although very probably not so intended. The record does not show that Johnson had engaged in business personally, or had any plan or desire to do so, or that this criticism upon the form of the order was in any way brought to the attention of the court below.

The order should be in this respect modified, but appellant will recover one-half of his costs only. In other respects the order is affirmed.