J. D. RANDALL CO. v. FOGELSONG MACH. CO.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1914.)

No. 2608.

PATENTS (§ 304*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The granting of a temporary injunction on a supplemental bill in an infringement suit to restrain infringement by a new device patented by the defendant after the original hearing *held* within the discretion of the court.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 304.*]

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Suit in equity by the Fogelsong Machine Company against the J. D. Randall Company. On appeal by defendant from an order granting a preliminary injunction. Affirmed.

See, also, 216 Fed. 601.

Walter Murray, of Cincinnati, Ohio, for appellant.

Border Bowman, of Springfield, Ohio, for appellee.

Before WARRINGTON and DENISON, Circuit Judges, and SATER, District Judge.

SATER, District Judge. At the time we heard the original case between these parties (203 Fed. 41, 121 C. C. A. 377), the application for the Doane patent, No. 1,069,769, issued August 12, 1913, was pending in the Patent Office. Prior to its issuance the defendant (appellant) sold a machine constructed in harmony with the call of the patent, of which fact it would seem the plaintiff (appellee) obtained knowledge when the accounting between the parties, ordered by the trial court, was in progress. The plaintiff subsequently filed a supplemental bill charging such machine to be an infringement of its patent and prayed for an injunction. As the result of a hearing at which certain affidavits and the patents of the respective parties were submitted, a temporary injunction was awarded. An appeal was taken from such order. The question for decision is: Did the court in granting the order commit error?

The difference between the defendant's former infringing device and that made under the Doane patent is this: The upper part of Doane's hopper is given a fixed position which renders it incapable of revolving. The toothed or cogged member at the lower end of the hopper is retained; but, instead of pins projecting horizontally inward from its inner wall or surface, a corresponding number of vertical blades or arms are affixed to it and extend upward about eight inches to contact with and rotate the straw. The blades are stationed close to the inner wall of the hopper; the top portion being so beveled as to slope toward the hopper's center. Experiments conducted by the plaintiff with defendant's original device, when the upper portion of the hopper was made stationary, showed that the pins projecting inward-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ly from the cogged member will rotate the straw for a distance of from six to twelve inches above the bottom of the hopper, i. e., above the feeding rod. Like experiments with the Doane device showed that the upward projecting blades or arms so increase the capacity of the toothed ring as to rotate from one-third to one-half of all the straw the entire hopper will hold. The defendant, on the ground that it had no tangled straw machine in its factory at the time of the hearing, notwithstanding its previous manufacture of infringing devices, its necessary familiarity with the Doane patent, and its prior construction of a machine in accordance therewith, neither affirmed nor denied the result of such experiments. Following the announcement of our former decision, the construction of the Doane device was changed by setting the toothed ring out of alignment with the inner wall of the upper section of the hopper and placing between it and the interior of the hopper a metallic ring or wall whose inner surface is flush with that of the upper section. The defendant does not dispute the correctness of our former ruling, but asserts that the term "hopper" embraces only that part of its machine which extends above the toothed or cogged member, and that, such part being so made as to be incapable of a rotary movement, the Doane device has no rotatable hopper and thus lacking one of the elements in plaintiff's machine and called for by the combination claims of its patent, does not infringe. The plaintiff contends that, although the upper hopper member in the Doane machine is stationary, the defendant by means of the upward projecting blades or arms has, in effect, increased the height of the lower or ring member four times what it was in its original machine, and thereby made such lower section the equivalent (although an imperfect one) of the plaintiff's entire revolving hopper; its upper section being reduced to a mere straw-holding member. It insists that, instead of three projecting blades, the defendant may, within the terms of the Doane patent, use a larger number, and may, if it chooses, extend them to any height, and thus make them fully perform the office not only of the hopper's upper member, but of the complete hopper, and render the latter unnecessary as a straw retainer.

The only question before the trial court was that of infringement. The plaintiff's patented machine, prior to the filing of the supplemental bill, had sold on the market at prices six times that theretofore received for other machines made for the same purpose. The plaintiff's business had been quite well established. The profits realized from sales were handsome. The defendant had manufactured but one machine under the Doane patent. Whether it realized a profit or not on such machine does not appear. Its trade was yet to be built up. The loss to the plaintiff by the destruction or impairment of its trade through the defendant's competition would in all probabilities be serious and possibly irreparable. The inconvenience to it which would result from withholding injunctive relief would be greater than that which the defendant would sustain by granting it. The defendant's failure either to admit or deny the result of the experiments made by the plaintiff might well have suggested an inability to do so or a reluctance to disclose all the facts about the operation of its machines, whether made as originally or under the Doane patent. The question

of infringement presented was real and substantial, and was a proper subject of investigation in a court of equity. It was not necessary to move the court to action that the proof of infringement should be conclusive. On the situation presented the court might well have concluded that there was a reasonable probability, or even a reasonable certainty, that the case would ultimately be decided in plaintiff's favor, and that it ought to interfere and preserve the status quo as between the parties during the pendency of the suit. The circumstances were such as to bring the case easily within the rule heretofore announced by this court under which temporary injunctive relief may be administered. Blount v. Société Anonyme du Filtre, etc., 53 Fed. 98, 101, 3 C. C. A. 455; City of Grand Rapids v. Warren Bros. Co., 196 Fed. 892, 116 C. C. A. 454. In the last-named case we held that:

"In determining whether the record presents reversible error, we are required to consider the correctness of the order from the same standpoint as that occupied by the court in granting it, and if we find, after a consideration of the facts presented to that court for its action, that its legal discretion to grant the order was not improvidently exercised, we should not disturb its action."

The trial court did not improvidently exercise its discretion, and its action is therefore affirmed.