TOLEDO PLATE & WINDOW GLASS CO. v. KAWNEER MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. January 6, 1920.)

No. 3305.

1. PATENTS ☞306, 307—BOND MAY BE REQUIRED OF PLAINTIFF IN GRANTING PRELIMINARY INJUNCTION OR FROM DEFENDANT IN REFUSING IT.

In patent infringement cases, the trial court may require a bond, either from plaintiff as a condition of granting a preliminary injunction, or from defendant in lieu of such injunction.

2. PATENTS ☞306—BOND MAY BE REQUIRED OF DEFENDANT FOR STIPULATED DAMAGES ON REFUSAL OF INJUNCTION.

In patent infringement cases, the trial court may, in view of the difficulty frequently found in proving actual damages, require defendant to stipulate the amount of future damages, and give a bond to cover that amount, as a condition of refusing a preliminary injunction.

3. PATENTS ☞306—BOND GIVEN TO AVOID INJUNCTION COVERS STIPULATED PROSPECTIVE DAMAGES ONLY.

In a patent infringement case, a bond given by defendant to cover stipulated damages, so as to avoid an injunction, was prospective only, and did not cover damages suffered from infringements prior to the date of the order.

4. PATENTS ☞306—BOND FROM DEFENDANT TO COVER STIPULATED DAMAGES FOR PRIOR INFRINGEMENT CANNOT BE REQUIRED ON REFUSAL OF INJUNCTION.

In patent infringement cases, the trial court cannot, as a condition of refusing a preliminary injunction, require defendant to furnish a bond to pay stipulated damages for infringements occurring prior to the order, nor does the fact that defendant was given the choice between an injunction and such a bond render the bond voluntary.

5. PATENTS ☞306—RIGHT TO COMPLAIN OF BOND FOR STIPULATED DAMAGES NOT WAIVED.

Defendant's appeal from and the affirmance of an interlocutory decree in a patent infringement case, which required defendant to account and for issuance of an injunction, did not waive defendant's right to contest on the final hearing an order requiring it to give bond covering stipulated damages, since the validity of that order was not decided on the appeal from the interlocutory decree.

6. PATENTS ☞306—ORDER REQUIRING BOND COVERING STIPULATED DAMAGES NOT ACQUIESCED IN.

In a patent infringement case, a stipulation extending defendant's time for putting in testimony and continuing for a similar period an order requiring defendant to give a bond to cover stipulated damages was not an acquiescence in a later interpretation of the order which construed it to cover infringements occurring before the order was made.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. Patents ☜319(1)—Damages for infringement may exceed defendant's profits.**

In a patent infringement suit, plaintiff's damages may exceed defendant's profits, where plaintiff was a manufacturer of the article installed by defendant, and might itself have made the sales which defendant made, had the latter not bought from a rival manufacturer.

**8. Patents ☜306—Stipulated damages inapplicable where infringement only partly sustained.**

Where defendant gave a bond to pay certain stipulated monthly damages in a patent infringement case, in which plaintiff claimed that two kinds of construction infringed, and it was later determined that only one of such constructions did infringe, *held*, that the stipulated damages could not be recovered, since the stipulated sum was fixed on the theory that both kinds of construction infringed.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Patent infringement suit by the Kawneer Manufacturing Company against the Toledo Plate & Window Glass Company. From a decree for plaintiff, defendant appeals. Appellee's motion to strike certain matter from the record denied, decree reversed in part, and remanded, with directions.

See, also, 240 Fed. 737.

Wilber Owen, of Toledo, Ohio, and Livingston Gifford, of New York City, for appellant.

Wallace R. Lane, of Chicago, Ill., for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. This is an appeal from the final decree of the District Court on the accounting ordered by its interlocutory decree (which was affirmed by this court, 237 Fed. 364, 150 C. C. A. 378), adjudging infringement of patent No. 852,450 to Plym, for store front construction.

On May 25, 1914, the day the answer to the bill of complaint was filed, the District Court, on plaintiff's motion for preliminary injunction, required defendant Glass Company to give a bond for the payment to the plaintiff Kawneer Company, in the event of decree for infringement, of $500 per month as liquidated damages from that date until the District Court's decision on final hearing, but without prejudice to the recovery of damages and profits in excess of that amount. The bond was given two days later to avoid injunction, which was ordered to issue in default of bond.

It appeared on the former review in this court that before suit was begun defendant was making two types of bracket, known respectively as the "scant" and the "full." The infringement found by the District Court was limited to the scant bracket; that is to say, brackets too short to come into contact with the outer web of the gutter, and so permitting gutter resiliency (which was an element of each of the claims in suit), and thus effecting infringement. Defendant claims that since the order in question it has used only "full" brackets; that is, of such

length as to come into actual or substantial contact with the gutter, thus making it nonresilient, and so noninfringing. At the original hearing below on the merits, defendant asked the court to determine, by its interlocutory decree, whether the full bracket construction infringed. The request was refused, on the ground that such construction was not within the issues, and this court approved that refusal. 237 Fed. 369, 150 C. C. A. 378.

The final decree on accounting, now before us, awarded to plaintiff, first, $246.26 for profits made by defendant upon sales by it prior to May 25, 1914 (the date of the injunction order); and, second, $6,966.67 (plus interest since the date of the master's report), as liquidated damages at the rate of $500 per month from May 25, 1914, to the date of the decision below on the merits, viz. July 23, 1915. There was no finding of infringement since the date of the injunction order referred to, or of any actual damages for prior infringement. The award of profits for prior infringement was based upon defendant's report of sales and profits, and is not subject to criticism. The real issue arises over defendant's contention that the decree for liquidated damages is wholly unauthorized and unsustainable.

[1, 2] Defendant assails, not only the construction of the bond as applicable to prior infringement, but the authority of the court below to require the bond. A trial court has undoubted power to require a bond, either from a plaintiff as condition of granting a preliminary injunction, or from a defendant in lieu of such injunction; and in view of the difficulty frequently found in proving actual damage, the requirement that the damages be stipulated is, under proper circumstances, permissible. In Commercial Co. v. Acme Co. (C. C.) 188 Fed. 89, Judge Denison required from plaintiff a bond for stipulated damages, where it was fairly evident that the injunction would result in closing down an existing business, and that the ordinary bond would furnish inadequate protection to defendant. The order was approved by this court. 192 Fed. 321, 112 C. C. A. 573. In Grand Rapids v. Warren Bros. Co., 196 Fed. 892, 116 C. C. A. 454, we approved an order denying an injunction on condition that defendant give bond for liquidated damages, and providing, in the alternative, that if such bond were not given the injunction should issue, on the giving of a similar bond by plaintiff. And in Coca-Cola Co. v. Nashville Syrup Co. (D. C.) 200 Fed. 153, Judge Sanford required the plaintiff to give a bond for liquidated damages, where the wrongful allowance of injunction bade fair to cause a damage to defendant wholly or largely incapable of proof. In each of these cases it satisfactorily appeared that the trial judge had carefully considered the situation, and had made the order in question in the full exercise of judicial discretion, and upon due consideration of the elements involved.

[3, 4] In the instant case the order requiring the bond opens with this recital:

"This cause being brought on for hearing on motion for preliminary injunction, the court not having time to hear the motion on its merits, orders that defendant within two days file a bond"

—with the condition we have already stated. Except as involved in the recital already quoted, and in the fact that the bond was required, there is nothing in the order itself or in the record to show that inquiry and consideration were had of what would be a proper liquidation of damages in view of the existing situation, or of the apparent necessity for injunction. Whether in view of such recital, and in the absence of further evidence on the subject, we should presume, in the absence of contrary showing, that judicial discretion, after inquiry and due consideration, was exercised, we find it unnecessary to determine; for, in our opinion, the order is not fairly susceptible of construction as requiring payment of stipulated damages for infringements prior to its making, and, if so construed, would be invalid.

The bond plainly looked only to the future. The provision for payment by the month could bear no reasonable relation to past infringements, for the simple reason that damages suffered for prior infringement were complete at the date of the order in question, and could not be made greater by the lapse of time; and if (as there is no reason to think) the stipulated damages were intended as mere compensation for delay in making payment on account of damages for prior infringement, the requirement would be clearly invalid as having no relation to actual compensation or actual damages, and thus a mere penalty. Gay v. Camp (C. C. A. 4) 65 Fed. 794, 799, 13 C. C. A. 137; Fellows v. National Can Co. (C. C. A. 6) 257 Fed. 970, 972, —— C. C. A. ——. It is no answer to say that defendant cannot be heard to complain of the order because of its insistence that an injunction would cause it irreparable damage, and that it was given its choice between such injunction and giving a bond. These facts alone conferred no authority to require a bond stipulating damages for past infringements, to be computed by so unreasonable a measure as the mere lapse of time before decree should be made on the merits. Such a bond would be none the less given under compulsion.

[5] We see no force in the suggestion that the right to complain of the order has been waived by the fact that the appeal from the interlocutory decree carried an assignment of error addressed to the order requiring the bond, and to the refusal to set it aside, as requested by defendant following the announcement of the decision below finding infringement only by the scant bracket construction. Apart from the fact that the bond cannot be construed to cover past infringements —it is enough to say the decree of this court was confined to affirmance of the interlocutory decree that defendant account and for injunction. There was no occasion to consider the other question, and it was not done.

[6] Nor are we impressed by the suggestion that defendant acquiesced in the order requiring the bond by its stipulations extending the time for putting in its testimony, and in connection therewith consenting to the continuance of the order of May 25, 1914. Defendant was not bound to anticipate that an attempt would be made to construe the bond as relating to infringement before the injunction order was made.

262 F.—33

[7] It results that the decree for accounting must be reversed and set aside, so far as it relates to recovery of stipulated damages for infringement prior to the date of the order. The decree will accordingly be remanded to the district court, with directions, however, to grant plaintiff, if it shall so ask, an accounting upon the basis of actual damages. In this connection, we deem it proper to say that plaintiff's damages are not necessarily no greater than defendant's profits, inasmuch as plaintiff is itself a manufacturer of the kind of construction installed by defendant, and might itself have made the sales which defendant made had the latter not bought from a rival manufacturer.

[8] As proof of infringement by the scant bracket construction since the injunction order may present a question of liability under the bond therefor, we are constrained to say that as this record stands such sales would not, in our opinion, be subject to stipulated damages. It appears from the record now here that when the bond was given plaintiff was insisting that both the scant and full bracket construction were infringements, and defendant was denying that either construction infringed. The natural inference would be that the stipulated damages were intended to cover liability for both kinds of infringement. If so, it would be inequitable to allow recovery, on account of infringement by one kind of construction, of damages stipulated on a theory that both structures were the subject of suit, and thus of possible liability for damages on account of both.

Appellee's motion to strike from the record the narrative statement contained therein, or, in the alternative, certain specified matter, is denied.

Appellant will recover its costs of this court. The question of costs of the accounting already had below is addressed to the District Court.